## Beverly Whipple v. Theodore Lambert, Goss Tire Service

[488 A.2d 439]

No. 84-099

Present: Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed January 18, 1985

*Beverly Whipple,* pro se, Monroe, New Hampshire, Plaintiff-Appellant.

*Emily S. Davis* of *Downs Rachlin & Martin,* St. Johnsbury, for Defendant-Appellee.

**Per Curiam.** In a small claims action, Beverly Whipple, plaintiff, alleged that defendant sold to her four retreaded tires on June 6, 1983, which tires were defective. She sought damages in the amount of $200 plus costs.

At the close of the evidence, after a bench trial, the court made oral findings and entered judgment for the defendant, dismissing plaintiff's complaint.

On appeal, the plaintiff raises the single issue that the court's findings are not supported by the evidence, and therefore the judgment should be reversed and we should enter judgment for her.

There was a conflict in the evidence as to the cause of the extreme wear on the tires within two months of their purchase. Both sides conceded that all four tires exhibited uneven wear or "cupping" on the surface of the treads. The defendant offered evidence that this was due to improper alignment, that defendant had offered to align the wheels, but that plaintiff refused to authorize the work. Plaintiff, on the other hand, offered evidence that the wheels on her VW car had been aligned by a VW garage the morning of June 6, 1983, and the afternoon of June 6, 1983, the defendant mounted the tires and balanced the wheels on her car. She also submitted evidence that another garage checked the tires and alignment two to three months later, and was of the opinion that all four tires were badly cupped and that the wear was not due to any alignment problem.

Where the evidence is conflicting the trial court has

the sole responsibility for determining its weight and the credibility of the witnesses. *Economou* v. *Economou,* 136 Vt. 611, 617, 399 A.2d 496, 499 (1979). On appeal we must review the evidence in the light most favorable to the prevailing party, excluding the effects of any modifying evidence, and accept the findings of the trial court unless clearly erroneous. *Thibault* v. *Vartuli,* 143 Vt. 178, 180, 465 A.2d 248, 249 (1983) (citing *Blanchard* v. *Villeneuve,* 142 Vt. 267, 269, 454 A.2d 1235, 1236 (1982); *Cliche* v. *Cliche,* 140 Vt. 540, 541, 442 A.2d 60, 61 (1982); V.R.C.P. 52). In no event will we substitute our judgment on questions of fact for that of the trial court. *In re Hatch,* 130 Vt. 248, 258, 290 A.2d 180, 186 (1972) (citing *Everlasting Memorial Works* v. *Huyck Monument Works,* 128 Vt. 103, 109, 258 A.2d 845, 849 (1969)).

Although the evidence was hotly disputed by the parties on a critical issue in plaintiff's case, there was evidence fairly and reasonably tending to support the trial court's findings, and so they must be upheld. *Staab* v. *Northfield Savings Bank,* 134 Vt. 44, 46, 349 A.2d 214, 215 (1975) (citing *Hilliker* v. *Husband,* 132 Vt. 566, 326 A.2d 177 (1974)).

*Affirmed.*