2004 VT 78

### John LaPLUME v. Rachelle LAVALLEE

[858 A.2d 255]

No. 03-391

¶ 1. August 18, 2004. Appellant John LaPlume appeals the superior court's dismissal of his small claims case, wherein he sought money damages for various personal belongings allegedly retained by appellee Rachelle Lavallee following the demise of their relationship. The superior court determined that family court was the appropriate forum to address his claims and dismissed LaPlume's complaint. We reverse and remand.

¶ 2. In July 2002, LaPlume stipulated to entry of a relief from abuse order

against him in Chittenden County Family Court, following a hearing on Lavallee's complaint for relief. The parties waived the requirement that the court find that abuse or danger of abuse existed. The order required LaPlume to maintain a distance of 100 feet from Lavallee at all times, and that Lavallee "box [La-Plume's] belongings and cause them to be delivered by July 31."

¶ 3. Three months later, LaPlume filed a motion in family court to enforce the relief from abuse order, contending that Lavallee had failed to return all of his property. The court heard testimony, but dismissed the petition without prejudice, explaining to LaPlume that "[t]he purpose of an abuse procedure is to stop abuse. If you have some property disputes I think you should resolve that in another forum."

¶ 4. LaPlume next filed a complaint in small claims court, citing the property return provision of the relief from abuse order and seeking to recover "the approximate value of all unreturned property," which he estimated at $3500. In February 2003, the small claims court issued an entry order granting LaPlume thirty days to show cause why the proper forum for resolution of a relief from abuse order was not the family court that had issued the order. LaPlume argued in response that the family court had already declined jurisdiction, and that the matter fit best within the small claims court's statutory mandate to provide a "simple, informal and inexpensive procedure" for resolution of civil proceedings where claims do not exceed $3500. See 12 V.S.A. § 5531(a).

¶ 5. The small claims court rejected LaPlume's claims and dismissed the action. The court noted that the relief from abuse form provides a mechanism for family courts to handle limited personal property claims where they are sufficiently linked to relief from abuse proceedings, and that small claims courts are ill-suited to resolve conflicts where the primary concern remains prevention of abuse. Acknowledging that the family court had already declined to exercise jurisdiction, the small claims court encouraged LaPlume to appeal to the Supreme Court sua sponte, waived the filing fee for the appeal and secured counsel for Lavallee, who had been unrepresented in the small claims action. This appeal followed.

¶ 6. The issue before this Court is whether the small claims court erred in dismissing LaPlume's case on jurisdictional grounds. We review this appeal de novo, *Jordan v. State*, 166 Vt. 509, 511, 702 A.2d 58, 60 (1997), and we hold that it did.

¶ 7. We begin by observing that the family court is a court of limited jurisdiction. See *Rogers v. Wells*, 174 Vt. 492, 494, 808 A.2d 648, 650 (2002) (mem.); *In re R.L.*, 163 Vt. 168, 171, 657 A.2d 180, 183 (1995). It "has limited jurisdiction over particular matters" and does not have "overlapping jurisdiction" with the superior court. *Rogers*, 174 Vt. at 494, 808 A.2d at 650. Furthermore, the family court's "jurisdictional grant must be strictly construed." *R.L.*, 163 Vt. at 171, 657 A.2d at 183.

¶ 8. Section 454 of Title 4 establishes the seventeen areas in which the family court has jurisdiction, one of which is "abuse prevention proceedings filed pursuant to chapter 21 of Title 15." 4 V.S.A. § 454(14). In abuse prevention proceedings, the family court is authorized by statute to, among other things, "make such orders as it deems necessary *to protect the plaintiff*," including to order defendant to refrain from abusing plaintiff, to restrict defendant's ability to come near or contact plaintiff, or to order defendant to vacate the household, leaving plaintiff with sole possession. 15 V.S.A. § 1103(c)(1)-(2) (emphasis added). Although the family court is permitted to oversee division of property in the lim-

ited context of divorce proceedings, see *id.* § 751, nowhere does the statute authorize the family court to resolve property disputes between the plaintiff and defendant as part of an abuse prevention proceeding. Where there is no express grant of jurisdiction, we will not invent it. See *State v. Brooks,* 162 Vt. 26, 29, 643 A.2d 226, 228 (1993) ("In the absence of a specific legislative sanction, it is improper to infer consequences not provided in the statute.").

¶ 9. Moreover, the relief from abuse proceeding had nothing to do with ownership of property. The court order merely addressed Lavallee's temporary possession of LaPlume's belongings after he was barred from entering her home and specified a method for transferring that property back to him. The family court plainly lacks the authority to hear LaPlume's complaint seeking money damages for Lavallee's alleged failure to return his belongings, and the small claims court erred when it found otherwise.

¶ 10. The small claims court also erred in characterizing this case as a request to enforce the family court's relief from abuse order. It is clear from the small claims complaint filed by LaPlume that he sought monetary damages for the alleged conversion of his personal property by Lavallee, not enforcement of the relief from abuse order. Thus, the small claims court's concern that it lacked authority to enforce a relief from abuse order was of no moment, for it was not being asked to do so.

¶ 11. The superior court expressed concern that plaintiffs in abuse prevention proceedings might be reluctant to participate in the mandatory mediation that precedes small claims hearings. This concern is insufficient to remove property disputes such as this one from the small claims court's jurisdiction, however, because the mediation requirement can be waived by the court in circumstances where the power balance is unequal, where there is a danger of abuse, or for any other valid reason pled by either litigant.

¶ 12. Finally, the court's concern that a plaintiff in an abuse prevention proceeding would have to appear in a small claims action to defend against claims made by her former abuser can be remedied by providing for her testimony to be taken out of the presence of the abuser. In a small claims hearing, the judge may allow witnesses to testify by telephone. V.R.S.C.P. 6(a). The plaintiff's right to question the defendant is also "subject to the judge's authority to protect witnesses against unfair imposition," *id.,* authority which the judge could exercise to prevent undesirable contact between the litigants at trial.

¶ 13. We hold that appellant was entitled to bring an action for conversion of his personal property in small claims court. Therefore, the decision of the small claims court is reversed, and the cause remanded for hearing.

*Reversed and remanded.*