Siner v. Poitras, No. 544-9-04 Wncv (Katz, J., Mar. 4, 2005)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT                                    SUPERIOR COURT
Washington County, ss.:                        Docket No. 544-9-04 Wncv


Siner

v.

Poitras


ENTRY


Contractor Siner appeals from a decision of the small claims court (docket no. 364-6-04 Wnsc) in favor of Subcontractor Poitras on their billing dispute. The heart of the dispute before the lower court was whether the parties' oral agreement provided compensation to Subcontractor on a time-and-materials basis or for a fixed price.

Based on the evidence before it, the lower court was unable to determine whether the parties in fact had agreed to the one method of compensation or the other. Generally, where there is no express term of compensation in a construction contract, "a promise to pay the reasonable value of such services is implied." 13 Am Jur 2d Building, Etc. Contracts § 18, at 21; see also O'Bryan Constr. Co. v. Boise Cascade Corp., 139 Vt. 81, 89 (1980). The court calculated the reasonable value of Subcontractor's services on a time-and-materials basis, offsetting that amount by Contractor's payments.

Contractor raises essentially three issues on appeal: 1) whether the court erred by not finding the compensation term to be set by agreement at a fixed amount; 2) whether a check paid to Subcontractor with "final payment" written on it worked an accord and satisfaction of any remaining debt; and 3) whether the court should have excluded one of Subscontractor's bills because it inadequately itemized time and materials.

We cannot conclude that the court erred by rejecting Contractor's "fixed price" evidence. "Where the evidence is conflicting the trial court has the sole responsibility for determining its weight and the credibility of the witnesses." Whipple v. Lambert, 145 Vt. 339-40, 1985 (per curiam). The evidence was conflicting. In the end, the court was not persuaded by Contractor's evidence of a fixed price term. Calculating reasonable value by time and materials was reasonable in these circumstances.

Contractor's accord and satisfaction argument is waived because there was no mention of it before the small claims court, which did not address it in the decision. "[T]to properly preserve an issue for appeal a party must present the issue with specificity and clarity in a manner which gives the trial court a fair opportunity to rule on it." In re White, 172 Vt. 335, 343 (2001) (quoting State v. Ben-Mont Corp., 163 Vt. 53, 61 (1994)).

Lastly, we cannot conclude that the court erred by including in its calculation of reasonable value a bill that did not itemize with specificity the time and materials used. The court implicitly found the bill to credibly state expenses actually incurred. The record is not without evidence to support this finding. On appeal, we will not disturb a finding of the trial court that is supported by evidence in the record, even if other evidence conflicts with it.

The decision of the small claims court is AFFIRMED.

Dated at Montpelier, Vermont, _____, 20___.

_____

Judge