2009 VT 80

## Clark's Truck Center v. Joanne Smith

[980 A.2d 252]

No. 08-381

Present: Reiber, C.J., Dooley, Johnson, Skoglund and Burgess, JJ.

Opinion Filed July 31, 2009

*Guenever Gifford, Legal Services Law Line of Vermont, Inc.,* Burlington, for Defendant-Appellant.

¶ 1. **Dooley, J.** Defendant Joanne Smith appeals the small claims judgment entered against her, arguing that the small claims court erred in (1) denying her request to change venue, (2) requiring her to participate in mediation, and (3) entering judgment based upon the mediator's report. We agree that the court erred in entering judgment based upon the mediator's report, and reverse and remand.

¶ 2. Plaintiff Clark's Truck Center filed a small claims action in Chittenden County against defendant and her husband seeking collection for amounts owed for vehicle parts and service. Defendant filed an answer stating "I don't owe anything." Defendant's husband filed an answer admitting the claim against him, agreeing to entry of judgment, and stipulating to a monthly payment. The small claims court entered judgment against defendant's husband in the full amount of plaintiff's claim with a monthly payment order. Defendant's case was set for trial. Defendant requested a change of venue due to health issues that made it difficult for her

to travel. The court denied this request, stating that she could appear by telephone.

¶ 3. On the day of trial, both parties participated in a mediation session, with defendant appearing by telephone. As a result of the mediation, the mediator completed a "mediated agreement form," wrote on the form that "Joanne Smith agrees the money owed to [plaintiff] is a debt she owes with her husband," and initialed the form. The court did not hold a hearing on the merits. A scheduling order noted that the hearing did not take place as scheduled and stated that: "Parties reached agreement through mediation. Judgment for plaintiff in the amount of $2,998.74." The judge marked "approved" on the mediated agreement form and signed under this notation. On the same day, the court entered judgment against defendant in the full amount of the claim.

■ ¶ 4. Defendant attempted to file an appeal to the Chittenden Superior Court, but the clerk refused to accept the appeal stating that instead defendant had to file a motion to reopen. She then filed a motion to reopen the judgment, stating that she "did not intend to consent to the mediation agreement." Her motion was denied.[*] Defendant appealed both the judgment and the denial of the motion to the Chittenden Superior Court. The superior court affirmed the motion denial and the judgment, stating that the small claims court had entered judgment against defendant "based upon the mediator's report of an oral stipulation between the parties." The superior court reasoned that it would "severely undercut the efficacy of the mediation process" if the small claims court could not rely on a mediator's report that a settlement had been reached. We accepted defendant's appeal under 12 V.S.A. § 5538.

■ ¶ 5. Defendant makes three arguments on appeal. She first argues that the small claims court erred by denying her request to change venue. The small claims court has discretion in deciding requests for change of venue, and, therefore, we review this decision for abuse of that discretion. See *Carpenter v. Cent. Vt.*

---

[*] The small claims court answered in part that defendant's secret intentions were irrelevant. We note, however, that we have held that in a proceeding to determine whether an oral settlement is enforceable, the court must find that the parties intended the oral agreement to be binding without being reduced to writing. See *Catamount Slate Prods., Inc. v. Sheldon*, 2003 VT 112, ¶¶ 15-16, 176 Vt. 158, 845 A.2d 324.

*Ry.*, 84 Vt. 538, 545, 80 A. 657, 660 (1911). A small claims court may order that the place of trial be changed "for the convenience of the parties, witnesses, or counsel and in the interest of justice." V.R.S.C.P. 2(b). Here, the court declined to give more weight to defendant's desired venue over that of plaintiff, and permitted defendant to appear via telephone. The court did not abuse its discretion in doing so.

¶ 6. Defendant next argues that the court abused its discretion by failing to waive mediation. She relies on *LaPlume v. Lavallee*, 2004 VT 78, ¶ 11, 177 Vt. 526, 858 A.2d 255 (mem.), for the proposition that mandatory mediation can be waived in certain circumstances. Defendant acknowledges, however, that mediation was not mandatory in this circumstance. See V.R.C.P. 16.3(a)(1)(A) (small claims actions are not subject to the statewide mandatory mediation requirement for civil cases). Moreover, the record does not reflect that defendant objected to participation in mediation. We can find no abuse of discretion when the court was never called upon to exercise its discretion.

¶ 7. Defendant's final claim is that the small claims court erred in entering judgment based upon the mediator's report. In addressing this issue, we note that we strongly support the use of mediation for small claims proceedings. A negotiated settlement avoids the need for litigation and produces a result that is more likely to be acceptable and enforceable. We also recognize that the purpose of Vermont's small claims court proceedings is to provide "a simple, informal, and inexpensive procedure" for determining smaller civil actions. 12 V.S.A. § 5531(a). To that end, the Vermont Rules of Evidence are generally inapplicable and evidence is admissible at trial if "it is of a type commonly relied upon by reasonably prudent persons in the conduct of their affairs." V.R.S.C.P. 6(b).

¶ 8. Nevertheless, there are minimum formality requirements in small claims proceedings. See *Brandon v. Richmond*, 144 Vt. 496, 498, 481 A.2d 16, 17 (1984) ("Notwithstanding the need for simplicity and informality in small claims proceedings, particularly in those cases where the parties or either of them appear pro se, form cannot be disregarded entirely."). All witnesses must testify under oath. V.R.S.C.P. 6(a). Trials must be held on the record. V.R.S.C.P. 6(c). The judge must either issue a written decision, or make findings of fact orally on the record after the

close of evidence, state the relevant conclusions of law, and enter a judgment. V.R.S.C.P. 6(a). The parties must have "a full and fair opportunity to present competent evidence." *Ferris-Prabhu v. Dave & Son, Inc.*, 142 Vt. 479, 481, 457 A.2d 631, 632-33 (1983).

¶ 9. There are also important formalities in the mediation process. As a pamphlet published by the Vermont Judiciary states, mediation is "a confidential process." A. Davenport & L. Suskin, *Small Claims Court in Vermont: How to Use It* 6 (2008), available at http://www.vermontjudiciary.org/eforms/SmallClaimsBooklet _Form256_webversion.pdf. This statement refers to Vermont Rule of Evidence 408, which provides that evidence of "conduct or statements made in compromise negotiations, including mediation, is . . . not admissible." While not all aspects of the rules of evidence are applicable in small claims proceedings, we find it critical to uphold the confidentiality of the mediation process even for small claims actions.

¶ 10. Here, the court essentially accepted the unsworn report of the mediator as controlling of the fact and terms of the settlement, and denied a hearing on whether the settlement existed and should be enforced. We find that process too summary even for small claims actions. Despite the importance of mediation, the mediator is not an officer of the court, and mediation is not an official part of small claims adjudication.

¶ 11. Equally important, the use of the mediator's report is inconsistent with the confidentiality of the mediation process. Here, the mediator stated that defendant "agrees" that the claim "is a debt she owes," a representation of her "conduct or statements" that should not be admitted under V.R.E. 408. Thus, even if the process the court used to reach its decision were consistent with the minimum requirements of the small claims court procedure, the evidence it relied upon could not be used for that purpose.

¶ 12. In reaching our conclusion, we recognize that the court intended to secure the informality of the process, particularly in a case where the defendant was allowed to appear by telephone and could not sign a written agreement as the preprinted mediation form normally requires. Thus, the superior court stated in its decision that "it would severely undercut the efficacy of the mediation process if the Small Claims Court could not then rely on the report of the mediator that a settlement has been

reached." We think the decision overstates the practical barriers imposed by defendant's position and this opinion. It would have been a minor inconvenience for the small claims judge, who was available while the mediation was occurring, to have taken a statement of agreement to the judgment from defendant over the telephone. That procedure would have avoided the reliance on inadmissible and confidential information and ensured defendant's agreement to the proposed judgment.

*Reversed and remanded.*