LVNV Funding, LLC v. Bills, No. 390-5-09 Rdcv (Cohen, J., Feb. 19, 2010)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

**STATE OF VERMONT**
**RUTLAND COUNTY**

| | | |
|---|---|---|
| **LVNV FUNDING, LLC** | ) | **Rutland Superior Court** |
| | ) | **Docket No. 390-5-09 Rdcv** |
| **v.** | ) | |
| | ) | **on appeal from** |
| **DALE BILLS** | ) | **Docket No. 1048-9-08 Rdsc** |

### DECISION RE: SMALL CLAIMS APPEAL

The question presented in this small claims appeal is whether the small claims court abused its discretion by refusing to approve a stipulated judgment unless plaintiff—a collection agency—first submitted documentary proof that it purchased this particular debt from the originating lender.

The following facts are established by the record. Plaintiff LVNV Funding filed a small claims complaint alleging that defendant Dale Bills owed almost $4,000 on a Sears charge account. Defendant filed an answer in which she disputed the amount of the claim. The matter was accordingly set for a merits hearing.

The parties settled their dispute in mediation shortly before the commencement of the merits hearing. The record shows that plaintiff agreed to reduce the amount of the total debt to $963. In exchange, defendant agreed to pay $100 up front and to consent to the entry of judgment against her in the amount of $863.

The parties then asked the small claims court judge to approve the settlement agreement. The small claims court judge refused to do this unless plaintiff first provided evidence of the "contract" and the "assignment," which this court takes to mean evidence of any credit card agreement that may have existed, and proof that the debt had been sold by the originating lender to this particular collection agency.

Plaintiff's attorney protested that the small claims court was going too far by requiring the presentation of evidence, since the parties had agreed to settle the matter. The attorney asserted that the only question before the court was whether the parties had voluntarily entered into the agreement.

The small claims court judge responded by advising defendant that she had entered into an agreement with a "third party" creditor, and asking defendant whether she was "convinced that you owe that particular plaintiff money." Defendant responded in the affirmative, but conceded upon further questioning that she had no documentary evidence to support that belief.

The small claims court judge thereafter refused to approve the settlement. She explained that she would not give the judgment her "stamp of approval" because the parties did not have "the proper documentation." She stated that the parties were free to enter into a contract between themselves, but that she would not sanction the agreement without some proof that the plaintiff had been assigned the debt. She therefore dismissed the complaint, and this appeal followed.

The underlying issue here was a concern on the part of the small claims court judge that plaintiff did not have standing to collect this particular debt. The concern arose because the complaint did not include an allegation that the collection agency had purchased the debt from the originating lender. It therefore appeared that the collection agency was a "stranger to [the] contract" who "lack[ed] standing to bring an action for breach of that contract." See *Bischoff v. Bletz*, 2008 VT 16, ¶¶ 15–16, 183 Vt. 235 (citation omitted).

The small claims court went too far in pressing the issue of standing here, however. This particular defendant appeared in the action, entered into a settlement agreement with the plaintiff, and told the court that she was "convinced" that she owed money to "this particular plaintiff." This sequence of events should have persuaded the court that standing was not an

2

issue in this case, and that defendant was more interested in settling the dispute than litigating the merits of the claim.

Negotiated settlements are ordinarily favored in small claims court because they encourage an atmosphere of mutual agreement, avoid the need for litigation, and produce a result that is more likely to be acceptable and enforceable as between the parties. *Clark's Truck Center v. Smith*, 2009 VT 80, ¶ 7. Negotiated settlements—and the use of mediation in general—are consistent with the goal of simple and informal small claims proceedings. 12 V.S.A. § 5531(a).

It is not the role of the small claims court to investigate the merits of the case when presented with a settlement agreement. Rather, the role of the court is to ensure that the settlement was entered into voluntarily. *Smith*, 2009 VT 80, ¶ 10; 46 Am. Jur. 2d Judgments §§ 183–86. This makes sense because parties may enter into a settlement agreement for any number of personal (and often private) reasons that do not necessarily reflect the merits. The voluntariness inquiry ensures that both parties have weighed and balanced the benefits and obligations of the settlement, and ultimately determined that their interests are best served by "voluntarily enter[ing] into an agreement setting their dispute or disputes at rest." *Reichenbach v. Kraska Enterprises, LLC*, 938 A.2d 1238, 1247 (Conn. Ct. App. 2008).

Here, the settlement agreement benefitted the defendant because it reduced the amount of her total debt by more than $3,000, and brought a degree of finality to an ongoing dispute. Defendant chose to accept the benefits of the agreement rather than take the chance that plaintiff might be unable to prove its claim at trial. She made it clear to the small claims court that she wanted it to approve the settlement. The small claims court should have recognized that defendant was making her own voluntary decision about the benefits and consequences of the settlement agreement, and honored that choice.

3

For these reasons, the decision of the small claims court to reject the settlement agreement and dismiss the case is reversed. The case is remanded to the small claims court with instructions to enter judgment on the settlement agreement that was reached by the parties on April 28, 2009.

## ORDER

The decision of the small claims court is ***reversed***, and the case is ***remanded*** to the small claims court with instructions to enter judgment on the settlement agreement that was reached by the parties on April 28, 2009.

Dated at Rutland, Vermont this _____ day of February, 2010.


_____
Hon. William D. Cohen
Presiding Judge

4