Lombardi v. Duncan, No. 731-9-10 Rdcv (Teachout, J., Feb. 18, 2011)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                          **CIVIL DIVISION**
**Rutland Unit**                                          **Docket No. 731-9-10 Rdcv**


**Patrick Lombardi**
    **Plaintiff**


    **v.**


**Nancy Duncan**
    **Defendant**

## SMALL CLAIMS APPEAL
## <u>DECISION</u>

Plaintiff Patrick Lombardi appeals from a judgment of the Small Claims Court dated August 25, 2010. The Small Claims Court entered judgment for Mr. Lombardi against Defendant Nancy Duncan for $4,145 in unpaid rent and court costs, to be paid at a rate of $25 per month. On appeal, Mr. Lombardi argues that the Small Claims Court erred by using improper procedures, misapplying the law of prejudgment interest, and improperly deciding ability to pay.

It is not the function of the Superior Court to substitute its own judgment for that of the Small Claims Court Judge. Rather, the role of the Superior Court is to determine whether or not the evidence presented at the hearing supports the facts that the Judge decided were the credible facts, and whether or not the Judge correctly applied the proper law and procedure.

*Proceedings Before Small Claims Court*

Mr. Lombardi filed his small claims complaint on May 10, 2010, alleging that Ms. Duncan, his tenant, owed him $5,000 in unpaid rent. Ms. Duncan filed an answer disputing the amount of rent she owed.

The Small Claims Court held a hearing on August 12, 2010. At the start of the hearing, the Judge indicated that the court would expedite the hearing because Ms. Duncan had to leave to go to work. She then stated, "So what I would like to do is clarify some issues and see if we can resolve this right here and now." She began by questioning Ms. Duncan, the Defendant, about the terms of her lease with Mr. Lombardi and the amount of rent owed. After taking all of Ms. Duncan's testimony, the Judge turned to Mr. Lombardi and asked him if he disputed any of the Defendant's testimony regarding her rent payments. Throughout the hearing, the Judge directed the testimony through questioning. At a few points, Mr. Lombardi stated that he wished to present his case, or asked if he was going to have the chance to do so. At no point was Mr. Lombardi allowed to cross-examine Ms. Duncan or pose cross-examination questions.

Ms. Duncan testified that she ceased making the full monthly rent payment to Mr. Lombardi in May 2009. Based on the amounts Ms. Duncan testified that she paid each month, supported by receipts, the Judge calculated the amount she owed Mr. Lombardi. Ms. Duncan also testified that, based on the calculations of the Rutland Housing Coalition, she would be able to afford a payment of $25 per month toward her unpaid rent. The Judge then turned to Mr. Lombardi and questioned his accounting based on the figures provided by Ms. Duncan.

The Judge and Mr. Lombardi also had a conversation about prejudgment interest. Mr. Lombardi believed he was entitled to prejudgment interest. The Judge did not believe he was but stated she would look up the law on that point before issuing a written decision.

Finally, the Judge offered Mr. Lombardi the choice to accept payments in the amount of $25 per month, with the potential for modification if Ms. Duncan's income increased, or to seek a separate financial disclosure hearing. Although Mr. Lombardi stated that he did not like either of those options, he eventually elected to accept the $25 per month payments.

The Judge took the matter under advisement and issued a written decision on August 25, 2010. She found the testimony of Ms. Duncan as to how much rent she owed to be credible and calculated the amount to be $4,545. She then reduced that amount by $575, the amount of Ms. Duncan's unreturned security deposit, and found that to be $4,070 (although $4,070 − 575 = $3,970). She added $75 in court costs for a total amount of $4,145 ($3,970 + 75 = $4,045). The written decision does not mention prejudgment interest. The written decision establishes a repayment plan of $25 per month as determined at the hearing.

*Appeal*

On appeal, Mr. Lombardi begins by pointing out the procedural irregularities of the small claims hearing. He notes specifically that the Judge allowed the Defendant to present her side of the case first, and that he was not allowed to cross-examine her. He claims three bases of error: 1) the Judge did not allow him full opportunity to present his case and consequently miscalculated the amount of rent Ms. Duncan owed him, 2) the Judge did not allow for prejudgment interest despite his claim that he was entitled to it, and 3) the Judge erred in setting the repayment rate at $25 per month.

*(1) Conduct of Hearing*

Mr. Lombardi's first argument on appeal is intimately connected with his claims that the Judge did not follow proper procedure. He contends that the Judge did not allow him to present his evidence in such a way as to support his full claim, including unpaid rent from prior to May of 2009, or to challenge Ms. Duncan's arrearage figures. He also notes that he was never allowed to cross-examine Ms. Duncan.

Although 12 V.S.A. § 5531 states that small claims cases are to follow a "simple, informal, and inexpensive procedure," there is some limit on the Small Claims Court Judge's ability to simplify the proceedings. *Clark's Truck Ctr. v. Smith*, 2009 VT 80, ¶ 8, 186 Vt. 284.

2

Specifically, "parties must have a full and fair opportunity to present competent evidence." *Id.* (citation omitted). Parties are explicitly allowed under the rules to conduct cross-examination to supplement the judge's examination of witness. V.R.S.C.P. 6(a). This procedure was not followed in this case. The Judge was concerned about moving the hearing along so that Ms. Duncan could get to work, but the desire to reach a speedy conclusion cannot trump the litigants' rights to a fair trial.

This case also followed the unusual procedure of taking evidence from the Defendant before taking evidence from the Plaintiff. Although the Judge is empowered to conduct the hearing "in a summary manner" and to ask questions, the reverse procedure used in this case shifted the burden of proof and deprived Mr. Lombardi of a full and fair opportunity to present his claim. V.R.S.C.P. 6(a). He claims the Judge was unwilling to look at the totality of the back rent Ms. Duncan owed because the Judge presumed Ms. Duncan's testimony as to when the arrearage started to be credible and was unwilling to consider his opposing testimony. He was never given an opportunity to present his full claim, even though he was the plaintiff.

This Court agrees with Plaintiff that the procedure used deprived him the opportunity to present the full extent of his claim and the basis for it, and to cross-examine Defendant. The case must be remanded for a new properly conducted trial.

*(2) Prejudgment Interest*

Mr. Lombardi argues that the Judge improperly refused to award him any prejudgment interest. The Judge stated at the hearing that she did not believe Mr. Lombardi was entitled to any prejudgment interest under the law, but she would research the issue after the hearing. There is no award or mention of prejudgment interest in the written decision, so she either failed to address this aspect of his claim or she concluded that Mr. Lombardi was not legally entitled to an interest award.

In either circumstance, the court erred. Prejudgment interest is allowed in an action where monetary relief is awarded. V.R.C.P. 54(a). If a defendant has contractually obligated herself to pay interest, the trial court has no discretion to refuse an award of prejudgment interest. *Roy v. Mungford*, 161 Vt. 501, 514 (1994). Mr. Lombardi testified that his lease with Ms. Duncan allowed for interest at the legal rate. This provision would entitle him to an award of prejudgment interest.

*(3) Repayment Plan*

Finally, Mr. Lombardi challenges the repayment rate of $25 per month. Although Mr. Lombardi did eventually agree to this payment amount, he explicitly objected to such a low amount, and objected to the fact that it was determined by an absent third party and accepted by the court without a factual basis and without cross-examination. He was given the choice of accepting it or seeking a separate hearing; sounding defeated by the experience of the proceeding, he accepted it. His acceptance of the $25 per month figure was made after he had been denied the opportunity to cross examine on any issue, including ability to pay.

3

In light of the procedural irregularities at the hearing and the misapplication of the law of prejudgment interest necessitating remand, the case will be remanded for a new hearing on all issues, including whether a payment schedule will be established, and if so, the Defendant's ability to pay.

*Conclusion*

On all three issues, the procedure followed by the Small Claims judge operated to deny Plaintiff the legal process to which he was entitled. The case is reversed and remanded to the Small Claims Court for a new properly conducted hearing.

ORDER

The Judgment of the Small Claims Court dated August 25, 2010, is *reversed* and *remanded* for a new hearing.

Dated at Rutland, Vermont this 16th day of February, 2011.

_____
Hon. Mary Miles Teachout
Superior Judge

4