*Hart v. Bradford*, No. 286-12-13 Oecv (Teachout, J., July 28, 2014)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                       **CIVIL DIVISION**
**Orange Unit**                                          **Docket # 286-12-13 Oecr**

**JAMES HART, TRUSTEE of the**
**JAMES H. HART REALTY TRUST,**
    **Appellant**

                                                **On appeal from**
    **v.**                                              **Docket # 21-1-13 Oesc**

**TOWN OF BRADFORD,**
    **Appellee**

### SMALL CLAIMS APPEAL
#### Decision

James Hart, Trustee of the James H. Hart Realty Trust, Plaintiff in the Small Claims case below, appeals from a judgment of the Small Claims Court dated October 11, 2013. The Small Claims Court entered judgment below for the Defendant, the Town of Bradford, on Plaintiff's claim that the Town damaged Plaintiff's property when a piece of heavy Town equipment cleared snow on Plaintiff's property, and that the Town improperly listed Plaintiff in the Town Report for nonpayment of taxes.

Mr. Hart represented himself in the Small Claims Court and on appeal. Attorney Charles Merriman represented the Town in the Small Claims Court and on appeal.

This Court has reviewed the record, listened to the tape recording of the full hearing held in Small Claims Court on October 11, 2013, reviewed all motions and documents filed in both the Small Claims Court and this Court, and heard oral argument on April 11, 2014.

Preliminarily, it should be noted as a general matter that it is not the function of the Superior Court to substitute its own judgment for that of the Small Claims Court Judge. See *Whipple v. Lambert*, 145 Vt. 339, 340–41 (1985). Rather, the role of the Superior Court is to determine whether or not the Judge correctly applied the proper law and procedure, and whether or not Court rulings are consisted with the record evidence. See *id.*

With this standard in mind, the Court proceeds to review the four issues raised on appeal.

**Appeal Issues**

*Whether the Small Claims Judge improperly denied Plaintiff's Motion to Continue the hearing.*

The hearing was completed on October 11, 2013. After all evidence had been presented, both the Plaintiff and Defendant's lawyer made complete closing arguments, after which the Judge announced his findings and conclusions on the record. See *Clark's Truck Center v. Smith*, 2009 VT 80, ¶ 8, 186 Vt. 284 ("The judge must either issue a written decision, or make findings of fact orally on the record after the close of evidence, state the relevant conclusions of law, and enter a judgment.") (citing V.R.S.C.P. 6(a)). The oral record shows that after the decision was announced, Plaintiff requested additional time to file an affidavit from another person, Reginald Bishop, who had not been presented as a witness at the hearing. Judge Lewis denied the request, and stated that he "would have been" happy to hear Mr. Bishop's testimony, but that the hearing was over.

Twelve days later, on October 23, 2013, Plaintiff filed what he referred to as a motion to reconsider and attached thereto was an affidavit from Mr. Bishop. That motion was denied by an Entry Order on November 14, 2013. Thereafter, on December 9, 2013, Plaintiff filed a written motion to continue, in which he again asked the Court to reopen the case to hear more evidence, including the affidavit from Mr. Bishop. In an Entry Order on December 13, 2013, Judge Lewis denied the motion and referenced that the merits hearing was held on October 11, 2013.

The Vermont Rules of Small Claims Procedure permit a party to file a motion for continuance of trial, which will be granted "only for good cause." V.R.S.C.P. 4(d). It is unnecessary for this Court to address whether such a motion may be properly filed after judgment has already been entered on the record because, in any event, Plaintiff failed to demonstrate "good cause" as to why he did not procure the testimony of Mr. Bishop prior to the close of evidence. See *In re Odessa Corp.*, 2006 VT 35, ¶ 17, 179 Vt. 640 (mem.) (explaining that parties are responsible for securing the attendance of their own witnesses, and that trial court rulings on motions for continuances will be upheld if there is a reasonable basis for the action). It was not clearly unreasonable for the Judge to decline to reopen the evidence to take testimony from a newly offered witness, either at the hearing after the decision was announced, or in response to Plaintiff's motion to continue, filed almost two months later. *Gazo v. Gazo,* 166 Vt. 434, 447 (1997).

Indeed, small claims hearings are meant to be efficient and parties are expected to have their witnesses present at the scheduled hearing. See *Clark's Truck Center*, 2009 VT 80, ¶ 7 ("[T]he purpose of Vermont's small claims court proceedings is to provide 'a simple, informal, and inexpensive procedure' for determining smaller civil actions.") (quoting 12 V.S.A. § 5531(a)). There was no error in the ruling, and it does not support reversal of the judgment.

While mentioned in his appeal papers, Plaintiff's notice of appeal does not expressly reference his motion to reconsider. However, if Plaintiff is appealing the denial of that motion, and to the extent Plaintiff's motion to continue could be more accurately characterized as a motion to reconsider, this Court first notes that V.R.S.C.P. 4 sets forth the "only motions permitted" in small claims proceedings and does not provide a mechanism by which parties may

move to reconsider or to otherwise reopen the evidentiary record. Moreover, even if the relief-from-judgment provisions of Rule 60 of the V.R.C.P. apply to small claims proceedings, it would be incumbent upon Plaintiff to demonstrate that the affidavit of Mr. Bishop was "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." V.R.C.P. 60(b)(2). As explained above, Plaintiff has failed to make this demonstration.

*Whether the Small Claims Judge improperly ruled inadmissible exhibits and affidavits offered by Plaintiff.*

This was identified as an issue in Appellant's Notice of Appeal. In his appeal memorandum he refers to affidavits of himself and Mr. Bishop that were not allowed into evidence. Plaintiff also refers to "an abundance" of pictures of destruction that a 15' bulldozer would do,[1] and claims that "[m]any exhibits" were not admitted. In small claims proceedings, if a trial is conducted by the court, as it was here, the Vermont Rules of Evidence do not apply and "evidence is admissible if it is of a type commonly relied upon by reasonably prudent persons in the conduct of their affairs." See V.R.S.C.P. 6(b). This Court finds with respect to Plaintiff's own affidavit that the Judge correctly determined it would be more appropriate for Plaintiff to provide live testimony as to the matters referenced in the affidavit. See *id*. 6(a) ("All witnesses will testify under oath and will be examined by the judge with the objective of laying out the evidence pertaining to the contentions reasonably available to the parties."). The second affidavit, of Mr. Bishop, did not even exist at the time of trial—it was neither signed by Mr. Bishop nor filed with the Court until several days after entry of judgment. Furthermore, even if the affidavit were available at trial, it would have been within the Judge's discretion to deny its admittance in lieu of Mr. Bishop's testimony. See *id.*

As for the "[m]any exhibits" not admitted into evidence, it is unclear, both from the record below and plaintiff's appeal, what specific exhibits he claims were wrongfully excluded. The allegation is generalized. Appellant has not identified particular exhibits and reasons those exhibits should have been admitted. It is well settled that to preserve an argument for appeal, a party must present an argument with specificity and clarity. See *Rutland Herald v. Vermont State Police*, 2012 VT 24, ¶ 33, 191 Vt. 357 (2012). Additionally, what the record below does reveal is that Plaintiff, as required in small claims proceedings, was given a full and fair opportunity to present competent evidence on the issues raised in his complaint. See *Ferris-Prabhu v. Dave & Son, Inc.*, 142 Vt. 479, 481 (1983) (remanding a small claims action where the court did not permit the plaintiff to elaborate on the basis for his claimed damage figure).

A four-hour hearing was held, with no limitations on Plaintiff's opportunity to call witnesses. Specifically, Plaintiff testified on his own behalf and called the following individuals as witnesses: the Town of Bradford Selectboard Chair Thomas Unkles; former Selectboard Assistant Jessica Bean; Town Clerk Marianne McClure; Town Treasurer Jennifer Rivers; former Town Treasurer Henrietta Powers; and Town Road Foreman Phil Page. Plaintiff also submitted a number of exhibits that were admitted into evidence, including a survey map, a box with the

---

[1] At trial the size of the piece of equipment was disputed, and it was also disputed whether it was a bulldozer or a front loader.

broken spotlight and lighting harness allegedly damaged by Defendant, and a series of photographs purportedly depicting Plaintiff's damaged property. To the extent any submitted evidence was not ultimately admitted, there is no indication that this substantially affected Plaintiff's right to a full and fair opportunity to present his case.

*Whether the Small Claims Judge improperly refused to permit the testimony of Mr. Bishop.*

The record is clear that Mr. Bishop was not present and not called as a witness to give testimony at the hearing. Appellant's argument that the case should have been reopened to hear his testimony is addressed above.

*Whether the findings of the Court were supported by the evidence.*

Judge Lewis delivered his decision orally on the record at the conclusion of the hearing on October 11, 2013. Judgment was entered for the Defendant on the issue of publication of Plaintiff's name in the Town Report on the basis of evidence that Plaintiff's taxes were not fully paid by the due date. On the claim for property damage from Town equipment, Judge Lewis ruled that there was conflicting evidence, and that due to the ambiguity in the evidence about what did or did not happen, Plaintiff had failed to adequately demonstrate liability on the part of the Defendant for the damages alleged. Upon request for reconsideration by Mr. Hart after judgment was entered, Judge Lewis clarified that he was not making a finding that the Town's witnesses established the truth, but rather his ruling was that Plaintiff had not met the required burden of proof.

Plaintiff acknowledged throughout the hearing and in his appeal memoranda that there was conflicting testimony. He argues fervently that the Town's witnesses were not credible.[2] However, the Small Claims Court, acting as the trial court, has the sole responsibility for determining the weight of evidence and credibility of witnesses. See *Whipple v. Lambert*, 145 Vt. 339, 340–41 (1985). On appeal, this Court "must review the evidence in the light most favorable to the prevailing party, excluding the effects of any modifying evidence, and accept the findings of the trial court unless clearly erroneous." *Id.* at 341. "In no event will [this Court] substitute [its] judgment on questions of fact for that of the trial court." *Id.*; see also *Emmons v. Emmons*, 141 Vt. 508, 511 (1982) ("Upon appellate review, we will not interfere if a reasonable evidentiary basis supports the court's findings and the findings are sufficient to support the conclusions of law").

This was a highly contentious hearing with serious allegations of lack of credibility on both sides. Judge Lewis was not required to determine what the truth was about the incident under discussion, or who was or was not telling the truth. His role was to determine whether or not, taking into account all the evidence, Plaintiff introduced sufficient credible testimony to

---

[2] In his appeal papers, Plaintiff notes that the Town's witnesses were able to testify at trial "without any discovery." However, as stated above, the Vermont Rules of Evidence did not apply to this proceeding. See V.R.S.C.P. 6(b); see also *Cold Springs Farm Development, Inc. v. Ball*, 163 Vt. 466, 469 (1995) ("Many of the civil rules, including those authorizing discovery, do not apply in small claims court.").

meet the applicable burden of proof, which was proof by a preponderance of the evidence. He determined that the Plaintiff had not proved his claims.

His ruling that the evidence was too "ambiguous" to support a conclusion that Plaintiff proved his claim by a preponderance of the evidence is consistent with the state of the evidence presented at the hearing and, accordingly, this Court will not disturb the Judge's decision and Judgment.

### Order

For the reasons set forth herein, the judgment entered by the Small Claims Court on October 11, 2013 is *affirmed*.

Dated this 25th day of July, 2014.

_____
Mary Miles Teachout
Superior Court Judge