Filed 04/02/25

xVERMONT SUPERIOR
COURT
Lamoille Unit
154 Main Street
Hyde Park VT 05655
802-888-3887
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 25-CV-01406

---

In Re: Adoption of K.P.

---

## DISMISSAL

This case has a complicated procedural history. A divorce action was originally filed in the Lamoille Family Division, resulting in a 2019 final order giving sole parental rights to the child K.P. to her mother Amanda Perretta. *See* Order for Final Parental Rights and Parent Child Contact, *Amanda Perretta v. Brandon Perretta*, No. 155-12-18 Ledm (Sept. 5, 2019).

By 2021, Ms. Perretta—now Ms. Adams—had married Scott Adams and the couple were living with K.P. in St. Johnsbury. Mr. Adams, with his wife's consent, filed a petition in the Caledonia Probate Division to adopt K.P. and terminate the parental rights of K.P.'s biological father Brandon Perretta. *See In re K.P.*, 21-PR-04593. Mr. Perretta then filed a motion to modify parent-child contact in the original domestic case in the Lamoille Family Division.

The Lamoille Family Division thereafter granted the Adamses' motion to transfer the Caledonia Probate case and consolidate it with the domestic case in the Lamoille Family Division per 15A V.S.A. § 3-207 and 4 V.S.A. § 455. Entry Order, 155-12-18 Ledm (Dec. 14, 2023). On March 17, 2025, the Family Division issued a decision (1) denying the termination petition, and (2) granting the motion to modify to allow a step-up parent-child contact schedule with Mr. Perretta over the next year, with a further hearing or status conference to be set in May 2026. The Adamses thereafter noticed an appeal to the Civil Division. *See* 15A V.S.A. § 3-506(b) (order denying petition to terminate parental relationship is final order for purposes of appeal).

With certain exceptions not relevant here, the Civil Division has appellate jurisdiction to review decisions of the Probate Division. 12 V.S.A. §§ 2551, 2553; V.R.C.P. 72. When the two underlying cases here were consolidated, however, the adoption case was transferred to the Lamoille Family Division, the Probate Division ceased to exercise jurisdiction, and both cases proceeded in the Family Division. 15A V.S.A. § 3-207 and 4 V.S.A. § 455.

Although the Civil Division generally has "appellate jurisdiction of matters originally within the jurisdiction of the Probate Division," 12 V.S.A. § 2553, the court is unaware of any authority for the Civil Division to exercise appellate jurisdiction over decisions made by the Family Division, either in the first instance or following a transfer from the Probate Division. *See Cameron v. Rollo*, 2014 VT 40, ¶ 14, 196 Vt. 346 (no "overlapping jurisdiction" between Civil and Family Divisions); *Id.* at ¶ 24 (Dooley, J., dissenting) (cautioning against "horizontal appeal" from

Family Division to Civil Division). Accordingly, the court concludes that this appeal to the Civil Division must be dismissed, and any appeal of the Family Division's decision must be noticed to the Vermont Supreme Court in accordance with the Vermont Rules of Appellate Procedure.

Electronically signed on: 4/2/2025 pursuant to V.R.E.F. 9(d)

Benjamin D. Battles
Superior Court Judge