*Ferris v. Loucka*, No. 114-2-15 Wncv (Teachout, J., June 25, 2015)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**
**Washington Unit**

**CIVIL DIVISION**
**Docket No. 114-2-15 Wncv**

**LOUIS FERRIS**
    **Defendant–Appellant**

**on appeal from**
**Docket No. 463-9-14 Wnsc**

    **v.**

**MATTHEW LOUCKA**
    **Plaintiff–Appellee**

## SMALL CLAIMS APPEAL
Decision

This is a residential landlord–tenant dispute on appeal from a small claims judgment in favor of Tenant Matthew Loucka. Mr. Loucka claimed, and the Small Claims Court found, that Landlord Louis Ferris improperly withheld his security deposit after the end of the tenancy because he failed to provide Mr. Loucka with timely written notice of the reasons for any such withholding. Judgment was entered for Mr. Loucka for the value of the security deposit plus costs. Mr. Ferris has appealed, contending that Mr. Loucka did not vacate the apartment when he claims to have. Mr. Loucka did not cross-appeal.

In an appeal from a Small Claims Court judgment, it is not the function of the Superior Court to substitute its own judgment for that of the Small Claims Court Judge. See *Whipple v. Lambert*, 145 Vt. 339, 340–41 (1985). Rather, the role of the Superior Court is to determine whether the evidence presented at the hearing supports the facts that the Judge decided were the credible facts, and whether the Judge correctly applied the proper law and procedure.

The lease expired on May 31, 2014. The gist of Mr. Loucka's testimony was that he had effectively taken up residence elsewhere by the beginning of May, during May he cleared out and cleaned up the leased premises, and he returned the key and vacated before the end of May. Mr. Ferris's letter explaining that the security deposit would be withheld is dated June 25, 2014.

Mr. Ferris was not present at the small claims hearing. Instead, his agent, Mr. Audette, was present and testified. Mr. Audette principally handles maintenance issues at Mr. Ferris's rental properties. Mr. Audette testified that Mr. Loucka had left his "stuff" in the apartment well into June even if he was by then living elsewhere. The implication in the testimony was that the tenancy should be considered to have continued while the stuff remained there. Mr. Audette did not dispute that the key had been returned as Mr. Loucka asserted.

The evidence on exactly what date the landlord knew or should have known that Mr. Loucka had vacated was unclear. The Small Claims Judge found that the latest possible date was June 4. There was no written statement of withholding within the two ensuing weeks. On that

basis, the Small Claims Court ruled in favor of Mr. Loucka. The Court did not address whether the bases for withholding otherwise were reasonable.

The applicable law is clear: "If a landlord fails to return the security deposit with a statement [itemizing deductions] within 14 days [after the tenant vacated], the landlord forfeits the right to withhold any portion of the security deposit." 9 V.S.A. § 4461(e). The Small Claims Court properly ruled in Mr. Loucka's favor because Mr. Ferris did not deliver such a written statement within that two-week period.

The Small Claims Court's finding that Mr. Loucka vacated the apartment on or before June 4 is supported by the evidence. The evidence was clear that, by then, Mr. Loucka was living somewhere else, had returned the key, and had some communications with Mr. Audette to the effect that he would need to leave some property behind and no longer wanted it. It is not clear whether the possessions left behind were more substantial than what Mr. Loucka claims to have discussed with Mr. Audette. There was no evidence, however, that any abandoned property was so substantial as to reasonably indicate his continuing occupancy of the apartment.

In his memorandum to the court filed March 23, 2015, Mr. Ferris appears to attempt to give new information to the court. Such information cannot be considered. The hearing was the opportunity to present all evidence pertinent to the case, and new evidence cannot be introduced after the hearing.

The evidence that was presented at the hearing sufficiently supports the judgment that was issued.

## ORDER

For the foregoing reasons, the judgment of the Small Claims Court is *affirmed*.

Dated at Montpelier, Vermont this _____ day of June 2015.

_____

Mary Miles Teachout
Superior Judge

2