Dodge *v.* Carpenter et al.

EBENEZER DODGE *v.* J. L. CARPENTER, JEREMIAH CARLETON, DANIEL P. SPENCER AND FRANCIS TUBBS.

Whether a trespass was wilful and malicious, so as to entitle the plaintiff to recover full cost in a suit therefor, must be determined by the court before whom the action is tried.

Where the general issue is pleaded to an action of trespass *quare clausum fregit*, and, after verdict for the plaintiff, the county court refuse to adjudge, that the title or possession of real estate came in question, the supreme court, without any other facts appearing before them, will not revise such decision.

TRESPASS *quare clausum fregit.* Plea, the general issue, and accord and satisfaction, and trial by jury,—REDFIELD, J., presiding.

On trial the plaintiff proved his title to the land described in his declaration, and also proved, that, some years ago, he took possession thereof. He also gave evidence, tending to prove, that the defendants Spencer and Tubbs, in the winter of 1843–4, cut six pine trees upon his land; that after they had cut five, the plaintiff's agent went upon the land and forbid their moving the timber, but they insisted it was not on the plaintiff's land, and drew out fifteen logs to the saw mill owned by the defendants Carpenter and Carleton; that they had previously drawn two logs from the land, and nine logs were left upon the land; that Carpenter and Carleton then purchased all the logs of the other two defendants, and agreed with them to draw the remaining logs to the mill; that the plaintiff claimed the logs of Carpenter and Carleton, but they refused to give them up, insisting that they were not cut on the plaintiff's land, and intimating very decidedly their doubts whether he was the owner of any land in the vicinity where the logs were cut; that the remaining logs were subsequently drawn, by their direction, to the mill, and were there attached and sold on execution as the property of the plaintiff; and that, about the time of the commencement of this suit, the defendants were shown the boundaries of the plaintiff's lot, by a surveyor, to convince them that the logs were cut on his land. The plaintiff also gave evidence, tending to prove that the injury, occasioned by the cutting of the timber, was twenty or thirty dollars, notwithstanding the logs had been sold on execution against him and had thus gone for his benefit.

The defendants gave in evidence a written license to cut timber upon the lot adjoining the plaintiff's land, but declared that they offered it only for the purpose of showing to the jury, that they acted in good faith, supposing that they were cutting the logs upon the other lot; and it appeared, that one tree which they cut, and which was in the same cluster of pines, was upon the other lot. Evidence was also given, tending to prove an accord and satisfaction. The only questions made in the case, on the part of the defendant, were as to whether the defendants Carpenter and Carleton were to be considered as at all connected with the trespass, and whether the accord and satisfaction was proved, and as to the amount of damages.

The jury returned a verdict for the plaintiff for one dollar damages, and the court rendered judgment for the plaintiff to recover one dollar cost, and no more. The plaintiff moved the court to certify that the trespass committed by the defendants was wilful and malicious and that the right of title, or possession, of the land had come in question in the case; but the court refused so to do. Exceptions by plaintiff.

*J. A. Wing* for plaintiff.

*C. Davis* for defendants.

The opinion of the court was delivered by

WILLIAMS, Ch. J. The plaintiff recovered, in this case, one dollar damages, and the county court allowed him no more cost than damages; to which exceptions were taken by the plaintiff.

We have no means of deciding, whether the trespass was wilful and malicous, so as to adjudge to the party full cost. This must be determined by the court, before whom the *action is tried.*

Nor can we say, that the right of title or possession of real estate came in question. The plea of not guilty denies as well the title of the plaintiff as the committing the grievances complained of, and is the proper plea, when the defendants mean to contest either. In this case the right of the plaintiff, either to the land, or the possession, did not come in question, so that we can say the county court should have adjudged to the plaintiff full cost; but the reverse is inferred, both from the facts, as stated, and from their refusal to

allow full cost.    This is one of those cases, where the action should have been brought before a justice of the peace, so far as any thing appears to us.

The county court, before whom the cause was tried, and who had the whole subject before them, did not adjudge that the trespass was wilful and malicious, or that the plaintiff was subjected to the proof of his title, or possession.    We can discover no error in their adjudication, and their judgment is affirmed.