CHARLES A. WATSON v. MARTIN GOODNO.

JANUARY TERM, 1894.

*Lien for purchase money. Not in writing. Certified execution.*

1.  As between the vendor and vendee an agreement that personal property shall remain the property of the vendor until the purchase price is paid is binding, though not in writing, and the vendor may maintain trover for an unauthorized disposal of the same.
2.  In such case, upon the finding of the referee that the vendee disposed of the property without the consent of the vendor, the court may adjudge that the cause of action arose from the wilful and malicious act of the defendant and grant a certified execution.

Trover for the conversion of a horse. Heard upon the report of a referee at the September term, Washington county, 1892, ROWELL, J., presiding. The court gave judgment for the plaintiff and further adjudged, upon the facts reported by the referee, that the cause of action arose from the wilful and malicious act of the defendant, and that a certified execution should issue. To the action of the court in both these particulars the defendant excepted.

The referee reported that the plaintiff had sold the defendant the horse upon the agreement that he was to have a lien for the purchase price, and that a written agreement was drawn up but never signed; and that subsequently the defendant disposed of the horse without the consent of the plaintiff. Nothing was reported as to the manner or circumstances under which the horse was disposed of by the defendant.

*B. E. Bullard* for the defendant.

The report showed no act from which wrongful intent or malice upon the defendant's part could be inferred, hence the court erred in granting a certificate upon the facts found. *Stowe* v. *Powell*, 46 Vt. 471 ; *Styles* v. *Shanks*, 46 Vt. 612 ; *Whiting* v. *Dow*, 42 Vt. 262 ; *Soule* v. *Austin*, 35 Vt. 515 ; *Robinson* v. *Wilson*, 22 Vt. 35.

*J. P. Lamson* for the plaintiff.

The granting of a certificate is discretionary with the trial court. *Hill* v. *Cox*, 54 Vt. 627 ; *Melindy* v. *Spaulding*, 54 Vt. 517 ; *Boutwell* v. *Harriman*, 58 Vt. 516.

THOMPSON, J. I. The referee found that plaintiff bought the horse of Smith for the defendant, paying towards it one hundred and thirty-eight dollars, and that it was agreed between the plaintiff and defendant at the time of the purchase that the horse should remain the plaintiff's until he was paid the one hundred and thirty-eight dollars. While there was a talk subsequently between the parties about releasing this lien upon the horse and taking other security, such an arrangement was never consummated. Although the lien was not evidenced by writing, yet as between the plaintiff and defendant it was valid, and the latter, having disposed of the horse and converted it to his own use, with-

out .the consent of the plaintiff, is liable .in trover for such conversion..

II. On the facts found by the referee it was not error to grant a certified execution.  *Melendy* v. *Spaulding*, 54 Vt. 517 ; *Hill* v. *Cox*, 54 Vt. 627 ; *Boutwell* v. *Harriman*, 58 Vt. 516.

*Judgment affirmed.*