## Bridget Mullin *v.* William G. E. Flanders.

### October Term, 1900.

Present: Taft, C. J., Tyler, Munson, Start, Watson and Stafford, JJ.

Opinion filed February 12, 1901.

*Malpractice—Pleading—A count is case and not assumpsit if the
    gravamen is the breach of the defendant's duty as a surgeon*—If
    in a count charging a surgeon with malpractice in respect to an
    operation which he had undertaken as such surgeon, the pleader
    sets out a special agreement of the defendant, but instead of alleg-
    ing a breach of such agreement alleges that the defendant per-
    formed the operation in an unskilful, negligent and improper
    manner, the gravamen is the breach of the defendant's duty as a
    surgeon, and the count is case and not assumpsit.

*Introduction of evidence—Repetition of question*—The court may in its
    discretion decline to allow counsel to repeat a question after it has
    once been answered.

*Introduction of evidence—Relevancy to be shown by offer*—On direct
    examination it is not error to exclude testimony, unless an offer is
    made showing its relevancy.

*Malpractice—Recovery for results of defendant's fault—Patient's tem-
    perament and physical condition bear upon damages only*—In an
    action against a surgeon for malpractice, the defendant is not
    entitled to a charge that if the plaintiff's diseased condition,
    natural temperament or physical weakness contributed to the con-
    dition complained of the plaintiff cannot recover. A charge that
    the plaintiff cannot recover for anything produced by those causes,
    that the defendant is liable, if at all, only for the injury attributa-
    ble to his fault, gives the defendant no ground of complaint.

*Argument consistent with pleadings—Propositions not inconsistent*—
    That an amputation was necessary to save life, and that it was,
    nevertheless, made to cover up a bad job of surgery are not incon-
    sistent statements. Notwithstanding the former was contained in
    a declaration, it was not error to permit counsel for the plaintiff
    to argue, and the jury to consider, the correctness of the latter
    proposition, provided the evidence justified such argument and con-
    sideration.

*Close jail certificate—Acts and omissions may be wilful and malicious
    though injurious results are not intended*—In case for malpractice
    a special finding, "that the defendant intended to do what he did

do in operating on the plaintiff and in not caring for her afterwards, but that he did not intend the injurious results," does not make the case one in which a close jail certificate cannot be granted; and a general finding therein that the cause of action arose from the wilful and malicious act or neglect of the defendant is not revisable in the Supreme Court.

CASE against a physician and surgeon for negligently and improperly performing a surgical operation on the plaintiff's club feet and for not properly caring for and treating them afterwards. Plea, the general issue. Trial by jury, Rutland County, March Term, 1900, *Rowell,* J., presiding. Verdict for the plaintiff. After verdict and before judgment the defendant moved in arrest of judgment. The motion was overruled and the defendant excepted.

The plaintiff seasonably moved for a certified execution which was granted. To the granting of such execution the defendant excepted.

*Butler & Moloney* for the plaintiff.

*V. A. Bullard* and *F. W. McGettrick* for the defendant.

START, J. The declaration contains two counts. The defendant moved in arrest of judgment for that the plaintiff had in her declaration joined a count in assumpsit, sounding in contract, with a count in case, sounding in tort. The defendant's counsel insist that the first count is in case, and the second in assumpsit. We think both counts are in case, and that the motion was properly overruled.

In the second count it is averred, in substance, that the defendant was exercising the profession of physician and surgeon; that the plaintiff consulted, retained and employed him to operate upon her feet for a deformity, for reward; that the defendant undertook and agreed to do so, and to cure the deformity by cutting a tendon in each of the plaintiff's feet, and to use reasonable care and skill in caring for and treating

the plaintiff; and that the defendant operated upon the plaint-
iff's feet in pursuance of the retainer and employment aforesaid.
Yet the defendant, not regarding his said duty as such sur-
geon, conducted and performed said operation in an unskillful,
negligent and improper manner, negligently, improperly and
unskillfully cut, severed and destroyed several tendons, veins
and arteries in the plaintiff's feet and ankles, and broke,
crushed and removed various bones in the plaintiff's feet, and
negligently, carelessly and unskillfully cared for the plaintiff
after said operation; and that, by reason thereof, the plaintiff's
feet and ankles were destroyed.   The gravamen of the action
is alleged in this count to be a breach of duty—negligence and
wrong, in that the defendant disregarded his duty as a surgeon
by operating upon the plaintiff in an unskillful, negligent and
improper manner.   These allegations characterize the action.
They show it to be for a breach of the defendant's duty as a
surgeon, founded upon his legal obligations as such, and this
breach of duty is alleged without reference to the contract
under which he undertook to perform the operation.   To be
sure, the contract is set out in the count, but a breach of the
contract is nowhere alleged as the gravamen of the action.   It
is not alleged that the defendant did not cut one tendon in
each foot, nor that he did not cure the deformity.

   In declaring in case for negligence and want of skill on
the part of a physician and surgeon, the pleader should allege
a duty owing the plaintiff by the defendant, or state facts from
which the law will imply the duty; and, for this purpose, it is
usual to aver, in substance, that the defendant is a physician
and surgeon, that the plaintiff retained and employed him to
attend upon him for a consideration, and that the defendant
entered upon such employment, but conducted himself in an
ignorant, unskilful and negligent manner, whereby the plaint-

iff was injured in body and health. Such general allegations show the contract and undertaking that impose the duty to exercise care and skill, and are generally sufficient. But if the pleader goes further and sets out the special undertaking of the defendant, as was done in this case, he thereby only shows more fully the facts and circumstances from which the duty to exercise care and skill arises; and if he omits to aver a breach of this agreement, and alleges in accordance with the precedents in actions on the case, that the defendant, not regarding his duty as such surgeon, conducted and performed the operation in an unskillful, negligent and improper manner, as was done in this case, the count is case and not assumpsit.

The question that the defendant's counsel proposed to ask Dr. Caverly on cross-examination, and to the exclusion of which the defendant excepted, had already been asked and answered; and the court, in its discretion, could decline to allow counsel to again ask the same question.

The defendant, while testifying, was about to state what the house surgeon telephoned him, when an objection was interposed and the testimony was excluded. The defendant's counsel did not state what the witness would testify that the house surgeon said to him, and it does not appear that there was an offer to show any relevant fact by the witness; therefore, error does not appear.

The defendant requested the court to charge, that, if the diseased condition of the plaintiff's feet, or either of them, at the time and after the operation was performed, or her natural temperament or physical weakness, were contributing causes to the condition complained of, she could not recover. The court declined to so charge, but charged that she could not recover for anything produced by those causes, or any of them; that the defendant was liable, if at all, only for the injury to the plaintiff attributable to his fault. The request, as a whole,

was not sound, and the defendant has no reason to complain of the charge as given. The condition the patient is in when the physician is called affects the question of damages, but does not control the right of action. The right of action depends upon the continuing or intervening conditions that are due to a neglect of duty on the part of the physician, after the patient is in a condition that may result in permanent loss of health or limb, and the physician has been called upon and has undertaken to exercise his skill in arresting the progress of the disease, in caring for the wounds, or in setting the broken bones. When a physician takes charge of a case under such circumstances, he impliedly represents that he possesses, and the law places upon him the duty of possessing and exercising, that reasonable degree of learning and skill ordinarily possessed by physicians and surgeons in the locality where he practices, and which is ordinarily regarded as necessary to qualify him to engage in the business of practicing medicine and surgery. *Pike* v. *Honsinger,* 155 N. Y. 201, 63 Am. St. Rep. 655; *Hathorn* v. *Richmond,* 48 Vt. 557.

It is difficult to see how, under a holding such as the request called for, a physician could ever be chargeable for the neglect of a duty that the law imposes upon him. When a man is in good health and sound in limb, he has no need of a physician. It is when disease takes hold of him, or he has met with an accident, that the physician is called and the duty attaches, and these conditions which exist at the time he takes charge of the case may be said to contribute to the permanent loss of health or limb which follows; but these conditions do not prevent a recovery for the damages that are due to his neglect of duty. *Wilmot* v. *Howard,* 39 Vt. 447; *Hathorn* v. *Richmond,* 48 Vt. 557.

The plaintiff's counsel argued to the jury that the defendant amputated the plaintiff's foot to cover up a bad job of

surgery upon it.   The defendant's counsel objected, that, inasmuch as the declaration alleged that it became and was necessary to amputate the foot to save life, she could not now claim it was amputated for the purpose argued, and requested the court to so instruct the jury.   The court declined to do so, and the defendant excepted.   The testimony is not referred to, and we do not know what was disclosed on the trial respecting the circumstances under which the defendant amputated the plaintiff's foot.   The amputation may have been necessary, and still it may have been done under circumstances that justified the argument; if so, the fact that it was alleged in the declaration that amputation was necessary would not preclude the plaintiff from claiming that the time, manner and circumstances of the amputation indicated knowledge on the part of the defendant of a neglect of duty; and we cannot say that the request was not properly denied.

The case was one in which the court could rightfully grant a close jail certificate.   It is stated in the exceptions that the defendant intended to do what he did do in operating on the plaintiff and in not caring for her afterwards, but that he did not intend the injurious results; but this finding does not make the case one in which the certificate could not be granted.   The question of whether the defendant's acts, omissions or neglect were wilful and malicious remained for the consideration of the court below.   It could find, as it has done by granting the certificate, that the defendant's acts and omissions were wilful and malicious, or that he was guilty of wilful and malicious neglect of duty.   The court could grant the certificate on a finding that the defendant wilfully and maliciously neglected his duty, as well as on a finding of wilful and malicious acts.   In *Hill* v. *Cox,* 54 Vt. 627, it appeared that the plaintiff was bitten by a dog, known to be dangerous and negligently kept by the defendant, and, in affirming the cer-

tificate, it was said: "A wrong that is purposely done, is wilfully done; and if a man intentionally deals a blow to his neighbor, the law intends that the act was 'wilful and malicious.' The statute includes, with 'wilful and malicious' acts, 'neglects.' "

The case of *Judd* v. *Ballard*, 66 Vt. 688, is much in point. In that case the defendant accidentally shot the plaintiff, and the court, in holding that a close jail certificate was properly granted, said: "The defendant did not purposely shoot the plaintiff, but he purposely subjected him to the risk involved in manipulating the hammer of a loaded revolver while it was pointed at his person." In both of these cases, the defendants did not intend injurious results, but what they did do was intentional. So in this case, the defendant did not intend injurious results, but he did intend to do what he did do in operating on the plaintiff, and in not caring for her afterwards; and the question whether his acts, omissions or neglect were wilful and malicious were matters of fact for the trial court, and its findings are not revisable in this court.

*Judgment and certificate affirmed.*