JOSEPH W. SEVERANCE *v.* ANNIE E. GAGE ET AL.

May Term, 1923.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed Aug. 11, 1923.

*Assault and Battery—Evidence to Show Provocation Inadmissible Where Offer Establishing Defendants' Knowledge Not Made Good—Opportunity for Rebuttal a Substantive Right —Certification of Wilful and Malicious Trespass.*

1.  In an action of tort for assault and battery, cross-examination of plaintiff as to his knowledge of a prosecution and fine of the husband and father of the respective defendants, and as to plaintiff's refusal to join in a subscription to pay such fine, admitted solely as tending to show provocation and upon assurance that defendants' knowledge of such facts would be shown, *held* inadmissible where no such connecting evidence was introduced.

2.  Opportunity for reasonable rebuttal is a matter of substantive right.

3.  Where on cross-examination of plaintiff in an action for assault and battery, new matter not a part of plaintiff's case was brought out by the defense, and a witness for the defense asserted the existence of the same facts, such evidence tending to impair the effect of plaintiff's case, it was error to refuse plaintiff opportunity to rebut such evidence after the defense had rested, even though the evidence sought to be rebutted might have been rejected on objection, and notwithstanding the rebutting witness had previously testified.

4.  Under G. L. 2310, the determination of whether a trespass is wilful and malicious and should be so certified is left to the sound judicial discretion of the trial court, and within such limits is not revisable, but either granting the certificate without evidence or refusing to grant the certificate when the trespass was wilful and malicious as a matter of law, would be reversible error.

3

ACTION OF TORT for assault and battery. Plea, general denial. Trial by jury at the April Term, 1922, Windham County, *Wilson, J.*, presiding. Verdict for the plaintiff for one dollar damages and judgment thereon. The plaintiff excepted. The opinion states the case. *Affirmed except as to damages and costs, as to which it is reversed and remanded.*

*Robert R. Twitchell* for the plaintiff.

*Stickney, Sargent & Skeels* for the defendants.

BUTLER, J. The complaint is for an assault and battery. The answer is a general denial. Trial by jury; verdict for plaintiff for one dollar damages. Defendant Annie E. Gage is the mother of Bernice Gage and wife of Walter H. Gage. They reside on a farm in Rockingham recently purchased of plaintiff. There was some trouble between Walter Gage and plaintiff about the ownership of sugar tools on the farm and also about a telephone line over the meadow where a pole line was located. A controversy had also arisen between the plaintiff and Walter with reference to moving the telephone line from the meadow to the wall near the highway. On September 29, 1921, plaintiff in an automobile with Mr. Cook, who also had some interest in the telephone line, drove into the meadow, across a new seeded field, with tools and ladder, and proceeded to dig some holes for the poles and to repair the telephone line. Defendant Annie was in the field at work. Her husband was away and defendant Bernice was at school nearby. Annie ordered them to stop until her husband returned. They made no reply but continued at their work. Sometime later in the day when they had finished work, the plaintiff and Cook started back in the automobile toward the highway via the gate through which they had entered. As they approached the gate they found it nailed up. Defendant Annie and Bernice were there and refused to allow them to open the gate but ordered them away.

The plaintiff left Cook with the automobile and as he got over the wall into highway, some distance from the gate, was assaulted and beaten by the defendants, with clubs. The verdict was directed for the plaintiff and the only question submitted to the jury was as to damages.

In the course of the trial the plaintiff became a witness in his own behalf and on cross-examination was asked, if he made complaint against Walter Gage for being on the highway without a light. This was excluded.

[1] Subsequently, the plaintiff was asked under exception, if he knew that Walter Gage had been prosecuted for driving, one night, from the station to his home without a lantern, sometime before this assault, and had been fined, and the neighbors joined in a subscription to pay his fine and costs, and whether he was asked to subscribe and refused, and whether he stated that he wouldn't subscribe any amount to help those people if they were all sick and he knew they were going to die. All these questions were answered in the affirmative except the last, which was answered in the negative.

This evidence was admitted, under exception, solely on the ground that it tended to show provocation and upon the assurance that evidence would be introduced tending to show that the defendants knew these facts when the assault was committed. The defendants wholly failed to make good the offer. Assuming, without deciding, that the evidence in question did tend to show provocation, it was wholly inadmissible since the assurance was not made good, for obviously the defendants could not have been provoked by something they did not know. It should be noted that Walter Gage was not a party defendant.

The only other exception taken in the course of the trial, briefed and relied on by the plaintiff, was the refusal of the court to allow plaintiff to testify by way of rebuttal in explanation of the testimony of Walter Gage as to the fact that plaintiff did not go to Bellows Falls to meet an engagement with him on the day he took the sugar tools. The taking of these tools was brought out by defendant. This offered explanation was excluded on the ground that the witness had once been examined and so it was out of time.

[2, 3] The order of evidence is usually for the trial court but the taking of the sugar tools first came in by way of cross-examination of plaintiff, was new matter, and no part of plaintiff's case. He might have allowed it to rest there. Subsequently these facts were brought out by way of defense from the testimony of Walter Gage. Plaintiff was not called upon to explain this testimony until defendant had rested. It was proper rebuttal. Where a specific point has been developed by the

defense, evidence in rebuttal should be allowed. *Baker* v. *Sherman,* 71 Vt. 439, 46 Atl. 57; *Stillwell* v. *Farewell,* 64 Vt. 286, 24 Atl. 243. Opportunity for reasonable rebuttal is a matter of substantive right. 1 Cham. on Ev., § 379. Where the defendant goes further in his defense by asserting the existence of independent facts which tend to impair the effect of plaintiff's original case, the latter may meet this on rebuttal. Cham. on Ev., § 380. That the evidence to meet which the rebuttal is offered might have been rejected on objection, is no ground for refusing its controversion. *Dunnett & Slack* v. *Gibson,* 78 Vt. 439, 63 Atl. 141, nor can it be rejected because the witness had previously testified.

In actions of this nature, plaintiff can recover no more costs than damages, when the damages do not exceed seven dollars, unless the court is of opinion, and so certifies, that the trespass of the defendant was wilful and malicious. G. L. 2310. The plaintiff sought to have the court so find and certify, in this case, and to its failure so to do, saved an exception. The transcript is referred to and made a part of the bill of exceptions. The court made no finding of facts but says in the exceptions that the transcript is to govern.

[4] The statute in question intends that the injured party in an action for assault and battery shall recover full costs when the trespass is wilful and malicious. It vests the determination of this question in the trial court. The language "if the court * * * * is of opinion that the trespass was wilful and malicious and so certifies," implies the exercise of a sound judicial discretion, *i. e.,* an opinion based on the evidence and conformable with law. So far as the decision rests on matters of fact, the question is for the trial court, *Dodge* v. *Carpenter,* 18 Vt. 509; and is not revisable here. *Robinson* v. *Wilson,* 22 Vt. 35, 52 A. D. 77. The question is similar to that presented on exceptions to the action of the trial court in granting or refusing of a close jail certificate under G. L. 2384, and G. L. 2385, as to which see *Soule* v. *Austin,* 35 Vt. 515; *Whitney* v. *Dow,* 42 Vt. 262; *Wellman, Admr.* v. *Mead,* 93 Vt. 322, 107 Atl. 396; *Mullin* v. *Flanders,* 73 Vt. 95, 50 Atl. 813; *Judd* v. *Ballard,* 66 Vt. 668, 30 Atl. 96; *Melendy* v. *Spaulding,* 54 Vt. 517; *Startwell* v. *Sowles,* 72 Vt. 271, 48 Atl. 11, 82 A. S. R. 943; *Bombardier* v. *Goodrich,* 94 Vt. 208, 110 Atl. 11, 9 A. L. R. 1028; *Boutwell* v. *Harriman,* 58

'Vt. 516, 2 Atl. 159; *Watson* v. *Goodno,* 66 Vt. 229, 28 Atl. 987; *Flanders* v. *Mullin,* 80 Vt. 124, 66 Atl. 789, 12 Ann. Cas. 1010.

'As the granting of the certificate without evidence would be reversible error, *Stowe* v. *Powell,* 46 Vt. 471, so it would be re-versible error to refuse the certificate if the trespass was wilful and malicious as a matter of law. Bearing upon this question it is held that if the assault is purposely committed the law in-tends that the act is wilful and malicious. *Hill* v. *Cox,* 54 Vt. 627; *Mullin* v. *Flanders,* 73 Vt. 95, 50 Atl. 813, *supra.* It is unnecessary to decide whether on the evidence now before us the refusal to grant the certificate was reversible error. If the ques-tion of granting a certificate recurs on a new trial, it must neces-sarily be on a different state of facts.

*Judgment affirmed, except as to damages and costs, as to which it is reversed and cause remanded.*