NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2018 VT 53

Nos. 2017-102 & 2017-103

| | |
|---|---|
| Michael Quinlan, Executor of the Estate of Lincy Sullivan | Supreme Court |
| | On Appeal from |
| v. | Superior Court, Addison Unit, Civil Division |
| Five-Town Health Alliance, Inc., d/b/a Mountain Health Center and Sean May, PA-C | October Term, 2017 |

Samuel Hoar, Jr., J.

Pietro J. Lynn and Sean M. Toohey of Lynn, Lynn, Blackman & Manitsky, P.C., Burlington, for Plaintiff-Appellant.

Ian P. Carleton and Kevin A. Lumpkin of Sheehey Furlong & Behm P.C., Burlington, for Defendants-Appellees.

PRESENT: Reiber, C.J., Skoglund, Robinson, Eaton and Carroll, JJ.

¶ 1. **SKOGLUND, J.** This is a consolidated appeal involving two successive malpractice actions brought by the executor of a decedent's estate against the clinic where the decedent received treatment prior to her death and against the physician assistant who treated her. The trial court dismissed the first action because plaintiff failed to file the certificate of merit required by 12 V.S.A. § 1042 with his complaint, and dismissed the second action as untimely. We conclude that the trial court properly dismissed both cases and therefore affirm.

¶ 2. Plaintiff Michael Quinlan alleged the following facts in his complaint. On October 21, 2014, plaintiff's wife Lincy Sullivan met with physician assistant (P.A.) Sean May at Mountain Health Center in Bristol, Vermont. She informed May that she was experiencing shortness of breath, leg pain, and chest pain. May concluded that Sullivan had allergies, prescribed an inhaler,

and told Sullivan she could return home. Sullivan died from a pulmonary embolism on October 24, 2014.

¶ 3. Plaintiff subsequently retained an attorney to bring a medical malpractice claim against defendants. In July 2016, plaintiff's attorney consulted with a P.A. regarding plaintiff's claim. A few weeks later, plaintiff notified Mountain Health of the professional malpractice claim and asked it to refer the matter to its insurer. Plaintiff provided defendant's counsel with copies of Sullivan's medical records and a letter from the consulting P.A. opining that Mountain Health breached the standard of care for P.A.s in several ways, directly contributing to Sullivan's death.

¶ 4. On October 5, 2016, plaintiff, acting in his capacity as executor of Sullivan's estate, filed a wrongful death action against May and Mountain Health Center (Quinlan I). Service was complete on October 21, 2016. The two-year statute of limitations period established by 14 V.S.A. § 1492(a) for wrongful death actions expired on October 25.

¶ 5. On November 1, 2016, defendants moved to dismiss the action because plaintiff had failed to file a certificate of merit with his complaint as required by 12 V.S.A. § 1042. Section 1042 mandates that in all medical malpractice actions for personal injury or wrongful death occurring on or after February 1, 2013, the attorney or party filing the action must "file[] a certificate of merit simultaneously with the filing of the complaint." 12 V.S.A. § 1042(a). The attorney or plaintiff must certify that he or she has consulted with a qualified expert who, based on reasonably available information, has described the applicable standard of care and indicated that there is "a reasonable likelihood that the plaintiff will be able to show that the defendant failed to meet that standard of care," thereby causing the plaintiff's injury. Id. § 1042(a)(2). Section 1042(e) provides that "[t]he failure to file the certificate of merit as required by this section shall be grounds for dismissal of the action without prejudice, except in the rare instances in which a court determines that expert testimony is not required to establish a case for medical malpractice." Id. § 1042(e). The statute contains a tolling provision to allow plaintiffs whose claims are about to expire to obtain the requisite expert opinion: "Upon petition to the clerk of the court where the

2

civil action will be filed, an automatic 90-day extension of the statute of limitations shall be granted to allow the reasonable inquiry required by this section." Id. § 1042(d).

¶ 6.     Plaintiff responded to defendants' motion to dismiss by filing a separate action with a certificate of merit on November 16, 2016 (Quinlan II), along with a petition for an extension of the statute of limitations under 12 V.S.A. § 1042(d).  Plaintiff also opposed defendants' motion to dismiss in Quinlan I, arguing that dismissal under § 1042(e) was discretionary and would be inequitable in his case because he had complied with the substance of the rule by providing notice of his claim and the consulting P.A.'s report to defendants prior to filing suit.

¶ 7.     In January 2017, the court granted defendants' motion to dismiss Quinlan I.  It noted that the statute of limitations had run but declined to rule whether Quinlan II was timely filed.  Plaintiff moved for reconsideration of the dismissal of Quinlan I.  Meanwhile, defendants moved to dismiss Quinlan II as time-barred.  The court stayed the motion for reconsideration in Quinlan I pending the outcome of the motion to dismiss in Quinlan II.

¶ 8.     In his opposition to defendant's motion to dismiss Quinlan II, plaintiff argued that because he had filed an extension request under § 1042(d) within ninety days after the limitations period expired on October 25, 2016, the limitations period should be deemed to have been extended for those ninety days, thereby making his complaint and certificate of merit in Quinlan II timely.[1]  He also argued that dismissal would violate his right to equal protection under the Vermont and United States Constitutions and that the statute of limitations was otherwise tolled by 12 V.S.A. § 558.

¶ 9.     On March 8, 2017, the trial court dismissed Quinlan II with prejudice, finding that it was time-barred.  The court rejected plaintiff's equal protection and tolling arguments.  It also

---

[1] Plaintiff does not pursue this argument on appeal, with good reason.  He filed his petition to extend the statute of limitations after the limitations period expired.  The petition therefore did not toll the running of the limitations period.  See McClellan v. Haddock, 2017 VT 13, ¶ 27, __Vt.__, 166 A.3d 579.

denied plaintiff's motion for reconsideration in Quinlan I. Plaintiff appealed both decisions. At plaintiff's request, the appeals were consolidated for our review.

¶ 10. Plaintiff's primary argument on appeal is that this Court should use its equitable powers to reverse the dismissal of Quinlan I because he substantially complied with 12 V.S.A. § 1042(a) by obtaining an expert opinion describing the breach of the standard of care and providing it to defendants prior to filing suit. We conclude that plaintiff's proposed approach conflicts with Vermont law and the legislative intent behind § 1042, and agree with the trial court that dismissal of Quinlan I was required under our recent decision in McClellan v. Haddock, 2017 VT 13, __Vt.__, 166 A.3d 579.

¶ 11. In McClellan, the administrator of a decedent's estate filed a wrongful death action against the decedent's physician and the physician's employer three days before the limitations period expired. The defendants moved to dismiss the action because the plaintiff did not file a certificate of merit with her complaint. The plaintiff argued that her complaint incorporated the certificate of merit requirements because she alleged that the defendants had breached professional standards of care, her attorney had signed the complaint, and her attorney had already provided defendant's counsel with a copy of her expert's preliminary opinion. The plaintiff also moved to amend her complaint to add a certificate of merit. The trial court denied the motion to amend and dismissed the complaint with prejudice because the statute of limitations had expired.

¶ 12. On appeal, we held that the trial court properly denied the plaintiff's motion to amend her complaint to add a certificate of merit, reasoning that "such an amendment would be fundamentally inconsistent with the statutory purpose" of 12 V.S.A. § 1042. McClellan, 2017 VT 13, ¶ 16. We examined the language of the statute and the legislative history and determined that the purpose of the certificate of merit statute was "to ensure that claims against health care providers had been adequately investigated and determined to have merit by a qualified expert before they were filed." Id. ¶¶ 17, 20 (emphasis added). We explained that the "[p]laintiff's 'file first, review later, and amend as necessary' argument utterly defeats that purpose." Id. ¶ 20.

4

¶ 13.  We also rejected the plaintiff's argument that the trial court had discretion not to dismiss the case under 12 V.S.A. § 1042(e):

> While the phrase "grounds for dismissal" does suggest that dismissal is not required in <u>every</u> case where the certificate of merit does not comport with the requirements of the statute, we do not read it to authorize a later-filed amendment to supply a certificate of merit otherwise <u>entirely omitted</u> from the original complaint. As discussed, the overarching purpose of the statute is to protect defendants from the burden of defending medical malpractice claims lacking in expert support. Dismissal of a complaint filed without the requisite certificate of merit attesting to such support is essential to effectuate that purpose.

<u>Id</u>. ¶ 25.

¶ 14.  Finally, we rejected the plaintiff's argument that the trial court should have treated her motion to amend as the equivalent of a request for a ninety-day extension of the statute of limitations under § 1042(d). We held that "the phrase 'where the civil action <u>will be filed</u>' plainly requires that an extension request <u>precede</u> the filing of the complaint." <u>Id</u>. ¶ 27. Further, "even if § 1042(d) could be construed to authorize an extension request after the filing of a complaint, the trial court here could not have granted a ninety-day extension of a statute of limitation that had already expired when the motion to amend was filed." <u>Id</u>. We therefore affirmed the trial court's dismissal of the complaint. <u>Id</u>.

¶ 15.  As the trial court found, this case is squarely controlled by <u>McClellan</u>. Like the plaintiff in <u>McClellan</u>, plaintiff here filed his initial complaint without the required certificate of merit. Dismissal was therefore required under § 1042(e). See <u>McClellan</u>, 2017 VT 13, ¶ 25.

¶ 16.  Plaintiff contends that we should reverse because unlike the plaintiff in <u>McClellan</u>, he "substantially complied" with § 1042(a) by investigating the claim and providing defendants with an expert report that was equivalent to the certificate of merit prior to filing suit.[2] He urges

---

[2] In <u>McClellan</u>, the plaintiff provided a preliminary expert opinion to the defendants, but the trial court found that it could not substitute for the certificate of merit because it failed to describe the standard of care or to opine that the alleged breach of that standard caused the plaintiff's injury, as required by § 1042(a). <u>McClellan v. Haddock</u>, 482-5-15 Cncv, at *3 (Vt. Super. Ct. Nov. 30, 2015), https://www.vermontjudiciary.org/sites/default/files/documents/2016-

us to adopt the approach followed by New Jersey courts in screening malpractice complaints. See Ferreira v. Rancocas Orthopedic Assocs., 836 A.2d 779 (N.J. 2003); Galik v. Clara Maass Med. Ctr., 771 A.2d 1141 (N.J. 2001). In New Jersey, a malpractice complaint will not be dismissed for failure to file the affidavit of merit required by New Jersey law if the plaintiff shows "(1) the lack of prejudice to the defending party; (2) a series of steps taken to comply with the statute involved; (3) a general compliance with the purpose of the statute; (4) a reasonable notice of petitioner's claim; and (5) a reasonable explanation why there was not strict compliance with the statute." Ferreira, 836 A.2d at 783 (quotation omitted).

¶ 17.   We find the New Jersey high court's interpretation of its affidavit-of-merit statute to be unpersuasive because that statute takes a far more lenient approach to screening malpractice cases than § 1042. New Jersey's statute requires the plaintiff in any professional malpractice action to provide each defendant with an affidavit of an expert stating that the defendant breached the standard of care for that profession "within 60 days following the date of filing of the answer to the complaint by the defendant." N.J. Stat. Ann. § 2A:53A-27. The statute permits the court to grant one sixty-day extension to file the affidavit. Id. Thus, the affidavit may be filed up to 120 days after the defendant answers. Unlike the Vermont statute, the purpose of the New Jersey statute is "to weed out frivolous lawsuits early in the litigation." Ferreira, 836 A.2d at 782 (quotation omitted). Consistent with this more lenient statutory approach, the New Jersey courts have held that substantial compliance with the affidavit-of-merit statute is sufficient.[3] See id.

---

12-7-3.pdf [https://perma.cc/YV8V-946N]. The plaintiff did not appeal that portion of the trial court's decision. In this case, the trial court did not address whether the consulting P.A.'s report met the substantive requirements of § 1042(a). Defendants argue on appeal that the report is insufficient because it did not describe the standard of care or give a clear opinion on causation. Because we determine that the trial court properly dismissed Quinlan I due to plaintiff's failure to file a certificate with the complaint, we do not consider the substance of the report.

[3] Even if this Court were to adopt New Jersey's substantial compliance doctrine, plaintiff's claim would still fail because he has not provided "a reasonable explanation why there was not strict compliance with the statute." Ferreira, 836 A.2d at 783. The only reason offered by plaintiff for his failure to file the certificate of merit was that counsel was not aware of the statute. This Court has consistently held that an attorney's "ignorance of the law or inattention to detail" does

6

¶ 18.    By contrast, 12 V.S.A. § 1042 requires the certificate of merit to be filed "simultaneously with the filing of the complaint."    Thus, the intent is to "screen out meritless claims at the outset."  McClellan, 2017 VT 13, ¶ 18 (emphasis added) (quotation omitted).  Section 1042 accomplishes this goal by requiring an evaluation of the claims before a plaintiff actually files a case against a physician.  Id.  The statute was designed in this way to avoid subjecting healthcare providers to the ordeal of being named in and having to defend against meritless lawsuits.  Id.  For these providers, "eventual dismissal was an inadequate remedy for the associated professional and personal costs" of such a lawsuit.  Id. (quotation omitted).  As we explained in McClellan, the Vermont Legislature had before it "more 'lenient' statutory models to choose from that allowed a later-filed certificate," such as New Jersey's affidavit of merit statute, "but had plainly chosen the more stringent option."  Id. ¶ 20.

¶ 19.    We therefore make explicit what we implicitly held in McClellan, namely, that § 1042's requirement that a certificate of merit be filed simultaneously with the complaint is mandatory and demands strict compliance.[4]  When a certificate of merit is "entirely omitted from the original complaint," dismissal is necessary to effectuate the statutory purpose of screening out frivolous claims at the outset.  McClellan, 2017 VT 13, ¶ 25.  To hold otherwise would eviscerate

---

not excuse the attorney from complying with statutory or procedural requirements.  In re Lund, 2004 VT 55, ¶ 5, 177 Vt. 465, 857 A.2d 279 (mem.).  Even in New Jersey, counsel's ignorance or inadvertence does not constitute a "reasonable explanation" for failure to file an affidavit of merit.  See Palanque v. Lambert-Woolley, 774 A.2d 501, 505 (N.J. 2001) (stating "carelessness, lack of circumspection, or lack of diligence on the part of counsel are not extraordinary circumstances which will excuse" failure to timely file affidavit of merit); Nunez v. St. Mary's Hosp., No. A-0014-13T1, 2014 WL 6634659, at *2 (N.J. Super. Ct. App. Div. Nov. 25, 2014) ("An attorney's mistakes are not sufficient to provide a reasonable explanation for failure to comply with the [affidavit of merit statute]."); Nuveen Mun. Tr. v. Withumsmith+Brown, P.C., No. 08-5994 (GEB), 2009 WL 3246139, at *5 (D.N.J. Oct. 7, 2009) ("Inadvertence of counsel, by itself, cannot be a 'reasonable explanation' for failure to comply with the New Jersey [affidavit-of-merit] statute.").

[4] Our conclusion applies to the timing of the filing of the certificate of merit only.  As we recognized in McClellan, dismissal may not necessarily be required "where the plaintiff files a timely certificate of merit that nevertheless fails in some particular to meet the statutory requirements, and where allowing an amendment to correct the deficiency—rather than ordering dismissal—would not undermine the legislative purpose."  2017 VT 13, ¶ 26.

the certificate of merit requirement and require costly additional litigation to examine whether a plaintiff "substantially complied" with the law. "[W]hile we certainly recognize that the statute may have harsh results in some cases, it cuts with a sharp but clean edge. It is the legislative choice to implement the policy of eliminating frivolous medical malpractice lawsuits by dismissal." Lindberg v. Health Partners, Inc., 599 N.W.2d 572, 578 (Minn. 1999).

¶ 20.   Our conclusion that failure to timely file a certificate of merit requires dismissal is consistent with our prior decisions in this area of the law. In Fercenia v. Guiduli, 2003 VT 50, 175 Vt. 541, 830 A.2d 55 (mem.), the plaintiff filed a medical malpractice complaint against the defendants one day before the statute of limitations expired. The defendants moved to dismiss, arguing that the statute of limitations was not tolled by the filing of the complaint because the plaintiff had failed to timely file their waiver of service with the court. The trial court denied the motion on the grounds that it was a mere technical error and the defendants would not be prejudiced. We reversed, holding that timely completion of service under the Rules of Civil Procedure was required in order for the filing of the complaint to toll the statute of limitations, and the plaintiff's claim was time-barred because she failed to comply with those rules. Id. ¶¶ 9-11. It was irrelevant that the defendants had notice of the plaintiff's claim, because plaintiff's error caused the statute of limitations to expire.[5] Id. ¶ 12. We held that "[w]e require plaintiffs to strictly comply with the rules when expiration of the statute of limitations is an issue." Id. ¶ 13; see also Powers v. Chouinard, 138 Vt. 3, 4, 409 A.2d 598, 599 (1979) (holding malpractice action barred by three-year statute of limitations because plaintiff filed suit one day late). Like timely

---

[5]   For similar reasons, it is irrelevant whether defendants suffered prejudice due to plaintiff's failure to file the certificate of merit in this case. The filing requirement must be strictly complied with, and the failure to do so is the fault of plaintiff, not defendants. See Fercenia, 2003 VT 50, ¶ 12 ("The issue here is not one of failure to give effective notice of plaintiff's claim, but instead whether plaintiff's failure to file defendants' waiver of service within the time required by the rules constituted a failure to properly commence plaintiff's action and toll the applicable statute of limitations.").

completion of service, timely filing of a certificate of merit is required for a malpractice case to proceed.

¶ 21. Courts in other jurisdictions have concluded, based on similar mandatory statutory language, that strict compliance with filing requirements for medical malpractice claims is required. See Myers v. AMISUB (SFH), Inc., 382 S.W.3d 300, 310 (Tenn. 2012) (holding statutory requirement that person asserting malpractice claim "shall" give sixty-day presuit notice of claim was mandatory and required strict compliance); Scarsella v. Pollak, 607 N.W.2d 711, 714-15 (Mich. 2000) (per curiam) (holding complaint filed without affidavit of merit was ineffective to toll statute of limitations); Lindberg, 599 N.W.2d at 577-78 (holding dismissal was mandatory where plaintiff did not strictly comply with statute requiring affidavit of expert review in medical malpractice cases); Rheaume v. Vandenberg, 591 N.W.2d 331, 334 (Mich. Ct. App. 1998) (rejecting argument that substantial compliance with statute requiring advance notice to health professional or facility of malpractice claim was sufficient for plaintiff to benefit from tolling provision of statute); Givertz v. Maine Med. Ctr., 459 A.2d 548, 552 (Me. 1983) (holding plaintiff's failure to give statutorily required notice of claim within two-year period of limitations properly subjected malpractice suit to dismissal; statute did not permit "substantial compliance"). Similar to these courts, we conclude that a certificate of merit must be filed with the complaint to avoid dismissal under § 1042.

¶ 22. Plaintiff argues that requiring strict compliance with § 1042 violates his right to equal protection under the Common Benefits Clause of the Vermont Constitution.[6] According to plaintiff, our interpretation of § 1042 arbitrarily disadvantages litigants with otherwise meritorious claims who file suit without a certificate of merit close to the end of the limitations period, because

---

[6] Plaintiff also alleges that the alleged classification violates his rights under the Equal Protection Clause of the U.S. Constitution. This argument is inadequately briefed, so we do not address it. See Concord Gen. Mut. Ins. Co. v. Gritman, 2016 VT 45, ¶ 29 n.3, 202 Vt. 155, 146 A.3d 882.

9

they are foreclosed from correcting their mistake, while plaintiffs who file suit earlier are able to try again.

¶ 23. The Common Benefits Clause provides "[t]hat government is, or ought to be, instituted for the common benefit, protection, and security of the people, nation, or community, and not for the particular emolument or advantage of any single person, family, or set of persons, who are a part only of that community." Vt. Const. ch. I, art. 7. To determine whether a legal requirement violates the Common Benefits Clause, we consider the following questions: "(1) what 'part of the community' is disadvantaged by the legal requirement; (2) what is the governmental purpose in drawing the classification; and (3) does the omission of part of the community from the benefit of the challenged law bear 'a reasonable and just relation to the governmental purpose?' " In re Hodgdon, 2011 VT 19, ¶ 23, 189 Vt. 265, 19 A.3d 598 (quoting Badgley v. Walton, 2010 VT 68, ¶ 21, 188 Vt. 367, 10 A.3d 469).

¶ 24. Here, we do not see that any part of the community is denied any benefit. In Quinlan I, plaintiff was treated the same as any other plaintiff who fails to file a certificate of merit simultaneously with a medical malpractice complaint: his complaint was dismissed pursuant to § 1042(e) and McClellan. In Quinlan II, plaintiff was treated the same as any other plaintiff who files suit after the applicable limitations period expires: his complaint was dismissed as time-barred. The disadvantage experienced by plaintiff and other similarly situated litigants is not created by § 1042 or McClellan. Rather, it is created by their own inadvertence, their decision on when to file the action, and the operation of the applicable statute of limitations. Although these plaintiffs may have differing outcomes from those who file noncompliant actions earlier in the limitations period, these outcomes result from factors entirely within their control. Plaintiff has therefore failed to establish that he is being arbitrarily treated differently from others. See Vt. Human Rights Comm'n v. Agency of Transp., 2012 VT 88, ¶ 13, 192 Vt. 552, 60 A.3d 702 (rejecting claim that statute requiring commission to bring suit within six months of receiving

10

complaint, while allowing state six years to bring suit, violated Common Benefits Clause, because statute did not prevent any member of community from bringing suit).

¶ 25. Moreover, both § 1042 and the statute of limitations are reasonably related to legitimate governmental purposes. As discussed above and in McClellan, the purpose of § 1042 is to weed out frivolous medical malpractice claims at the outset of litigation. The statute of limitations likewise serves several legitimate purposes, "including fairness to defendants, protecting the court's interest in reliance and repose, and guarding against stale demands." Vt. Human Rights Comm'n, 2012 VT 88, ¶ 14. Strict enforcement of the certificate of merit requirement and the statute of limitations does not offend the Common Benefits Clause. Nor is it irrational for plaintiffs who have claims of similar merit to be treated differently based on whether they comply with statutory filing requirements. For these reasons, plaintiff's Common Benefits claim fails.

¶ 26. Finally, plaintiff asserts that this Court should reverse the dismissal of Quinlan II because the statute of limitations was tolled by 12 V.S.A. § 558 for one year following the dismissal of Quinlan I. Section 558 provides, in pertinent part:

> The plaintiff may commence a new action for the same cause within one year after the determination of the original action, when the original action has been commenced within the time limited by any statute of this State, and the action has been determined for any of the following reasons:
>
> . . .
>
> (2) where the action is dismissed for lack of jurisdiction of the subject matter or person, improper venue, or failure to join an indispensable party . . . .

12 V.S.A. § 558(a). Plaintiff argues that dismissal for failure to file a certificate of merit is a dismissal for lack of subject matter jurisdiction, and therefore his claim is protected by § 558.

¶ 27. " 'Subject matter jurisdiction' refers to the power of a court to hear and determine a general class or category of cases." Lamell Lumber Corp. v. Newstress Int'l, Inc., 2007 VT 83, ¶ 6, 182 Vt. 282, 938 A.2d 1215; see, e.g., Cameron v. Rollo, 2014 VT 40, ¶ 14, 196 Vt. 346, 97

11

A.3d 454 (recognizing family division has exclusive subject matter jurisdiction over distribution of marital property acquired during marriage that ends in annulment). The civil division of the superior court is a court of general jurisdiction. 4 V.S.A. § 31 (vesting in civil division of superior court "original and exclusive jurisdiction of all original civil actions" subject to certain exceptions not applicable here). Thus, it is presumed to have subject matter jurisdiction "unless a showing is made to the contrary." Lamell Lumber Corp., 2007 VT 83, ¶ 6 (quotation omitted).

¶ 28. Under common law, the superior court traditionally has had the power to hear medical malpractice claims. See, e.g., Domina v. Pratt, 111 Vt. 166, 13 A.2d 198 (1940); Mullin v. Flanders, 73 Vt. 95, 50 A. 813 (1901); Hathorn v. Richmond, 48 Vt. 557 (1876). We see no evidence that in enacting § 1042, the Legislature intended to limit the power of the court to hear this category of cases. Section 1042 nowhere mentions the word "jurisdiction." Moreover, the statute contains exceptions allowing a case to go forward without a certificate of merit if expert testimony is unnecessary to establish a case for medical malpractice or if the sole allegation is failure to obtain informed consent. 12 V.S.A. § 1042(e)-(f). We conclude that the failure to file a certificate of merit does not divest the court of its general power to hear a medical malpractice action.[7] See Bennett v. New Milford Hosp., Inc., 12 A.3d 865, 881 (Conn. 2011) (holding amendment to Connecticut certificate of merit statute, which made dismissal mandatory for failure to comply, did not render certificate requirement jurisdictional in nature); Plante v. Charlotte

_____

[7] The cases cited by plaintiff do not support a contrary conclusion. In James v. United States, 143 F. Supp. 3d 392 (E.D. Va. 2015), a federal district court dismissed a plaintiff's malpractice action against the government for lack of subject matter jurisdiction under the Federal Tort Claims Act, because the plaintiff's failure to file the certificate of merit required by Virginia law would bar suit against a private individual and therefore the government's sovereign immunity was not waived. Id. at 396; see also Bell v. United States, No. 4:11cv60, 2011 WL 3734458, at *1 (E.D. Va. Aug. 24, 2011) (same). Sovereign immunity is not at issue in this case. In Hannah v. McLaughlin, 520 N.Y.S.2d 494 (N.Y. Sup. Ct. 1987), a New York trial court did hold that failure to file a certificate of merit in a malpractice case was a jurisdictional defect. However, the decision has not been followed and appears to be an outlier. See Santangelo v. Raskin, 528 N.Y.S.2d 90, 92 (N.Y. App. Div. 1988) (holding failure to attach certificate of merit to complaint did not divest court of subject matter jurisdiction); Sullivan v. H.I.P. Hosp., Inc., 524 N.Y.S.2d 1022, 1023 (N.Y. Sup. Ct. 1988) (rejecting reasoning of Hannah).

12

Hungerford Hosp., 12 A.3d 885, 893 (Conn. 2011) ("[A] plaintiff's failure to comply with the requirements of [the certificate of merit statute] does not destroy the court's subject matter jurisdiction over the claim; it does not affect the power of the court to hear her medical malpractice action." (quotation omitted)). Therefore, 12 V.S.A. § 558 does not save plaintiff's claim, and the trial court properly dismissed Quinlan II.[8]

Affirmed.

FOR THE COURT:

_____
Associate Justice

---

[8] While we agree with the trial court's conclusion that dismissal under § 1042(e) is not a dismissal for lack of subject matter jurisdiction, we disagree with its conclusion that such a dismissal is necessarily an adjudication on the merits. The court's dismissal of Quinlan I had the same practical effect as an adjudication on the merits because plaintiff's subsequent suit was barred under the statute of limitations. However, the statute provides that failure to file the requisite certificate of merit requires "dismissal without prejudice." 12 V.S.A. § 1042(e) (emphasis added). Dismissal under § 1042(e) therefore would not preclude a plaintiff from pursuing a malpractice claim in a subsequent action. See McClellan, 2017 VT 13, ¶ 22 n.6 ("Of course, if the statute of limitations had not yet expired . . . nothing would prevent the plaintiff—after dismissal—from refiling the complaint with the required affidavit."). Rather, "[d]ismissal pursuant to this section is a statutory remedy for any defendant who is subject to a legal action in which the statutorily required written opinion is not annexed to the complaint or initial pleading." Votre v. Cty. Obstetrics & Gynecology Grp., P.C., 966 A.2d 813, 821 (Conn. App. Ct. 2009). It has no res judicata effect. However, insofar as the statute of limitations has expired, plaintiff is precluded from filing a new claim.